RANKIN et al. v. NASH–TEXAS CO. et al.

No. 11455.

Court of Civil Appeals of Texas. Dallas.

June 2, 1934.

Rehearing Denied July 6, 1934.

See, also, 58 S.W.(2d) 902.

Callaway & Reed, Rollo E. Kidwell, and W. C. Scurry, all of Dallas, for appellants.

Leachman & Gardere, Gus M. Hodges, McCormick, Bromberg, Leftwich & Carrington, and W. C. Gowan, all of Dallas, for appellees.

BOND, Justice.

This suit was instituted by E. G. Rankin and wife against the Nash-Texas Company and F. L. Euless, in a district court of Dallas county, for damages for personal injuries alleged to have been sustained by Mrs. Rankin as the result of negligence of the driver of an automobile in which she was riding, and of the driver of an automobile owned by F. L. Euless, trailing immediately behind the Rankin automobile, causing a separate and distinct collision and injury, yet so connected in point of time with the collision of the Rankin automobile as to present a single action. The case was tried to a jury, and, at the conclusion of the testimony, the court sustained each of the defendants' (appellees) motions for instructed verdict, and entered judgment against the plaintiffs (appellants).

The case is before this court on appellants' contentions that the evidence is sufficient to raise issuable facts for the determination of the jury, in that the driver of the automobile in which Mrs. Rankin was riding was the agent of the Nash-Texas Company and, at the time of the collision, was engaged in the furtherance of its business and within the scope of the agent's employment, thus his negligence is imputable to his employer, the Nash-Texas Company, and that the driver of the Euless automobile, being a member of the Euless family, driving the family automobile, and trailing or following the Rankin automobile, ran into the back of it, thus establishing issuable facts of the driver's negligence, imputable to its owner, F. L. Euless.

It is conceded by appellees that, the evidence bearing on the issue of negligence of the driver of the Rankin automobile is sufficient to raise the question for the determination of the jury, and, in fact, the testimony is undisputed that the driver was guilty of actionable negligence. But the view we take on the issue as to the agency of the driver of the Rankin automobile and the weight of the testimony bearing on the negligent acts or omissions of the driver of the Euless automobile furnishes sufficient grounds for the affirmance of the case, and it becomes unnecessary to discuss any other question raised on appeal; they are expressly overruled.

It is shown by the evidence that Mrs. Rankin, a resident of Fort Worth, Tex., drove her automobile to Dallas, and, at one of the downtown street intersections, had trouble starting it. She telephoned to the Nash-Texas Company to come after her, which they did, and in the automobile drove her to its place of business. The company's mechanic examined the automobile, informed Mrs. Rankin of the nature of the trouble, and then Mrs. Rankin told the mechanic to make the necessary repairs, send her to her sister's home, and, when the car was ready, to telephone her at that place. The company sent her to the home as requested, and, on failing to telephone about the automobile being repaired, Mrs. Rankin, two hours later, telephoned to the company, and, in that conversation, she received the following message: "Mrs. Rankin, we will check it over and call you in a few minutes." At this juncture there had been nothing said between either of the parties as to the delivery of the automobile when repaired, or sending it for

682

Mrs. Rankin to return her to the company's place, or the payment of the charges for the work done.

About an hour thereafter, Mrs. Rankin again called the Nash-Texas Company, and the following conversation took place, according to Mrs. Rankin's testimony on direct examination:

"A. I waited another hour and they didn't call and I called again.

"Q. Then what happened? A. They said we are so sorry, there has been an oversight but your car is all checked up and ready to come, we will send right out for you.

"Q. Then what happened, was anything else said at that time? A. I said how much is my bill and the man said $4.40 and I said, all right I will come back with the negro and pay my bill and he said if we send a car out for you you will come back with the negro and pay your bill and I said yes.

"Q. After you had asked how much it was and told him you would come back he then said to you, if we send out for you you will come back with the negro and pay your bill and you said yes? A. Yes sir."

On cross-examination, Mrs. Rankin testified:

"Q. You asked Mr. Knight if he would send a car out to you, didn't you? A. No, I said, 'What about Mrs. Rankin's car' and he said 'Mrs. Rankin, haven't they called you about the car' and I said, 'No,' and he said, 'That's too bad, it is all ready checked over and ready to come and we will send right for you, right out to you.'

"Q. Is that all that was said? A. Then I said how much is my bill?

"Q. What did he say? A. $4.40.

"Q. Who next said anything? A. Then I said, 'All right, I will come back with the negro driver and pay my bill,' then he said, 'Mrs. Rankin, you will come back with the negro and pay your bill,' and I said, 'Yes.'

"Q. You thought he was kind of afraid that you were not going to pay your bill, acting that way? A. No, I had done business with them before.

"Q. You have always paid your bills, haven't you, they never had any occasion to think you would not pay one?"

In our opinion, there is no escape from the conclusion that the driver of the automobile, in which Mrs. Rankin was riding, was a servant or agent of the Nash-Texas Company loaned to Mrs. Rankin, in furtherance of a courtesy of the company, done at Mrs. Ran-

kin's request, and she, in turn, accepting the favor in the performance of a duty she owed the company to come back to its place of business and complete her covenant, express or implied, to pay the charges for the repairs. The Nash-Texas Company, on completion of the repairs of the automobile, performed its contract with Mrs. Rankin, and nothing remained for it to do save and except to turn over the automobile on payment of the charges. The legal duty then rested upon Mrs. Rankin to pay the charges for the repairs at the place where the contract was to be and was performed, and she, recognizing that duty, ascertained the amount which she was to pay and then adopted the means to "come back with the negro driver and pay my (her) bill." Under such circumstances, then, on whose mission was the driver at the time of the accident? Who had the right to control his action and direct his movement?

It is shown that the automobile belonged to Mrs. Rankin. She initiated the negotiations for the use of it and the negro driver to convey her back to the company's place of business. The company made no agreement, express or implied, that it would bring Mrs. Rankin back to pay her bill. It was no part of its contract to repair, and the expense of the trip was not included in the amount charged Mrs. Rankin. The record is silent as to any instruction given to or control of the negro driver by the Nash-Texas Company.

Mrs. Rankin, being the owner of the automobile, riding in it at the time, and at least acquiescing in the negro's driving, the presumption must be indulged that the relation of principal and agent subsisted between them. As said in Johnson v. Newman, 168 Ark. 836, 271 S. W. 705, 707: "If the owner of a car in which he is riding permits some other person to operate it, * * * there is no reason why the relation of principal and agent should not be held to be subsisting between them so as to make the owner, as the principal, responsible for the negligent act of the driver as his agent." However, the case at bar does not rest on such presumption. We think the evidence shows that, at the time of the accident, the driver of the Rankin automobile was the servant or agent of Mrs. Rankin, engaged in the performance of her business, and under her control and directions; thus his negligent acts or omissions are imputable to her. However, this case need not rest there.

The Nash-Texas Company may not be absolved of all interest in having Mrs. Rankin to return, or of the control and direc-

tion of the driver, and it is not necessary to wholly absolve it of blame for the driver's negligence, and liability of either party does not rest on the question of ownership of the automobile or the statutory possessory right thereto under article 5503, R. S., until the charges for repairs are paid. It is a well-recognized rule of law in this state that, where persons are engaged in a common or joint enterprise, and each has an equal right to direct and control the conduct of the servant or agent, the negligent acts or omissions of the joint servant or agent are imputable to each. El Paso Elec. Co. v. Leeper (Tex. Com. App.) 60 S.W.(2d) 187. So, in this case, Mrs. Rankin was the moving cause of the servant or agent in driving her automobile at the time of the collision. He was on a mission for her, with resultant benefit to her in the payment of her obligation. On the other hand, the company loaned its servant or agent to Mrs. Rankin, and evidently directed him to do that which Mrs. Rankin requested and with an attendant benefit in receiving the payment of its charges. While we think the journey was for the sole benefit of Mrs. Rankin, yet the best that can be said from her standpoint is that it was for her benefit ·jointly with that of the Nash-Texas Company. Such being the case, appellants ·cannot recover against appellee the Nash-Texas Company.

This, in our opinion, is also true as to appellee Euless. If the journey back was a joint undertaking, or if it was solely for the benefit of Mrs. Rankin and the driver of the automobile was the servant or agent of Mrs. Rankin alone, or the servant or agent of them jointly, such relation, in either case, prevents appellants' recovery against appellee Euless. The defense of contributory negligence is available to him.

Furthermore, if the journey was for the sole benefit of the Nash-Texas Company and the driver, at the time, was its sole agent, the evidence, in our opinion, does not raise an issue of actionable negligence against the appellee Euless. In this connection, the evidence shows, in effect, that the Rankin automobile was proceeding westward towards the business part of the city; that shortly after it crossed an intersection street, it crashed suddenly into the rear of another automobile, and as a result of the impact came to a sudden and abrupt stop; that the driver of the Rankin automobile gave no signal or warning of any kind that he was going to stop, and was otherwise guilty of negligent acts and omissions; that the Euless automobile was proceeding along in the same direction that the Rankin automobile was going and immediately behind it; and that, as a result of the sudden and abrupt stop of the Rankin automobile, the right front of the Euless automobile collided with the left rear of the Rankin automobile, the two collisions inflicting separate and distinct injuries to Mrs. Rankin. The Euless automobile was a family car, being operated at the time by a member of the family, and we think the evidence is sufficient to bring the Euless automobile within the family car doctrine and the responsibility of the owner for the acts and omissions of the driver.

The allegations in appellants' petition as to the specific grounds of negligence, as against the driver of the Euless automobile, are as follows: "The driver of the car owned by the defendant Euless was negligent, because she was driving said car at an unlawful rate of speed within the corporate limits of the City of Dallas, and at a rate of speed in excess of the speed permitted by the ordinances of the City of Dallas; she was negligent because at the time of and immediately prior to the collision above mentioned she was driving her car at a higher and greater rate of speed than a person of ordinary care and prudence would have driven same under the same or similar circumstances; she was further negligent because she failed to exercise ordinary and reasonable care to keep a proper lookout for vehicles and the movement of vehicles ahead of her; she was further negligent because she did not so drive her car as not to collide with the car in which Mrs. Rankin was being driven, and did not so steer her car as to avoid striking the said second car; and she was further negligent in that she did not so drive said car or have said car under such control as would have enabled her to have avoided the said collision or a collision of such kind and character under the traffic conditions obtaining at the time of the collision in question."

It may be stated as a wise and salient rule of law that, in trailing other automobiles, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the automobile in front suddenly stopping or decreasing its speed, so that he can stop or decrease his speed to avoid a collision, or can turn out safely to pass the vehicle in front. One cannot run down a vehicle proceeding in the same direction, without having been guilty of some negligence in the operation of his own, unless it appears that the collision was

684

due to contributory negligence of the driver of the other vehicle. The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents a question of fact for the determination of a jury. Gornstein v. Priver, 64 Cal. App. 249, 221 P. 396. Our conclusion, however, is that the evidence in this case does not present an ordinary circumstance of the front car stopping as to .raise a presumptive issue of negligence of the operator of the rear vehicle. Mrs. Rankin's automobile stopped because of the sudden and abrupt appearance of another automobile backing in her pathway, which caused the attendant happening, involving the Euless automobile. Thus, in the absence of proof of the specific acts of negligence, as reflected in appellants' pleading, the unexpected and unforeseen occurrence causing the happening event of the Euless automobile does not cast upon the rear motorist the burden to further explain her action in running into the Rankin automobile. The doctrine of res ipsa loquitur has no application under the circumstances disclosed in the record, and the evidence is silent as to any specific acts of negligence; therefore nothing is revealed as to predicate liability against appellee Euless.

We are of the opinion that the trial court correctly sustained appellees' motions for an instructed verdict, and for that reason the judgment of the lower court is affirmed.

Affirmed.