## AMERICAN CASUALTY CO. v. JONES et al.

### No. 5208.

Court of Civil Appeals of Texas. Amarillo.

Dec. 16, 1940.

John G. Whitaker, of Dallas, for plaintiff in error.

Truett Smith, of Tahoka, for defendants in error.

JACKSON, Chief Justice.

The record shows that on November 17, 1937 the American Casualty Company for an agreed consideration issued to T. C. Mason a life and accident insurance policy by the terms and provisions of which, among other protection, it insured him against injuries and death by accidental means.

The insured was eighty-four old at the time the policy was issued and Mrs. Willie Jones, his daughter, was named as beneficiary by insured who died May 18, 1938 as the result of a fall which caused a fracture of his skull at the base of his brain.

The deceased was out in the yard of the beneficiary on the day he fell and there

was a high wind blowing. The old gentleman staggered and fell, struck his head against a post which fractured his skull and he died in a few hours.

The provisions of the policy material to a disposition of this appeal are as follows:

"Terminal Maximum Indemnities

| | | |
|---|---|---|
| Part A | Accidental Death Benefit | $1,000.00 |
| Part B | Natural Death Benefit | 300.00 |
| Part C | Accidental Death of Beneficiary | 150.00 |
| Part D | Loss of Both Hands, Eyes or Feet | 200.00 |
| | Loss of One Hand, Eye or Foot | 100.00 |

"The terminal Maximum Indemnities recited hereabove are subject to modifications, limitations and the provisions hereinafter contained.

\*　　\*　　\*　　\*　　\*　　\*

"Accidental death as referred to in this Policy under Section A, shall mean purely accidental death resulting from and effected solely through external, violent and accidental means, of which there are visible marks or contusion on the exterior of the body at the place of injury, provided that the Insured's death shall result within ten days from date of said accident (suicide, sane or insane, is not covered under this policy). The amount payable for such accidental death shall be the amount specified herein not to exceed the maximum set forth in Part A hereof.

\*　　\*　　\*　　\*　　\*　　\*

"Should death or disability occur after five months and within twelve months from the date hereof the company will be liable for forty per cent of the amount otherwise payable."

On September 3, 1938 the defendants in error, Mrs. Willie Jones and her husband, B. H. Jones, hereinafter called appellees, instituted this suit in the County Court of Lynn County against the plaintiff in error, the American Casualty Company, hereinafter called appellant, to recover on the policy issued to T. C. Mason. They pleaded the issuance of the policy, the terms and conditions thereof, the payment of the premium; that it was in full force and effect at the time of the death of the insured and that appellant under its provisions was obligated to pay Mrs. Willie Jones the sum of $400. They also alleged "That the said T. C. Mason, deceased, being the insured under said policy number 1053-A, issued by the defendant, and during the premium paying period of said policy, and between the period of five months and twelve months from the date of the policy, and while no premium was in default on said policy, and while said policy was in full force and effect, did, on the 18th day of May, 1938, sustain bodily injury, solely through external, violent and accidental means, which caused visible marks or contusion on the exterior of the body at the place of injury, by reason of falling upon the ground, causing a fracture at the base of the brain, and that such injury to the head of the said T. C. Mason, exclusively and independently of all other causes, resulted in the death and caused the death of the said T. C. Mason on said date of May the 18th, 1938, and the defendant, upon his death, by accidental means, then and there became bound and obligated and promised to pay to plaintiff, Mrs. Willie Jones, the beneficiary named in said policy the sum of $400.00, which sum is forty per cent of said $1,000.00 specified under Part 'A' of said policy."

The appellant answered by general demurrer, general denial and pleaded that it was incorporated under and operating by virtue of Chapter 6, Title 78, Revised Civil Statutes of the State of Texas, which allegation is conceded to be true, and tendered $120, the amount it claimed to be due appellee, in court.

In response to the special issue submitted by the court the jury found that the death of T. C. Mason resulted and was effected solely through external, violent and accidental means. In response to a special issue requested by appellant the jury found that the fall of T. C. Mason was not caused by his physical condition.

On these findings the court rendered judgment against the appellant and in favor of appellees for the sum of $400 with interest from May 18, 1938, from which judgment the insurance company, by writ of error, prosecuted this appeal.

■ The appellant assigns as error the action of the court in refusing to direct a verdict in its behalf because it contends the testimony fails to show that the insured's death was purely accidental and resulted solely through external, violent and accidental means independent of all other causes.

Dr. Turrentine, the physician who attended T. C. Mason on the day of his death, certified in a report to the appellant that he was called to see the insured on February 27, 1938 and found him suffering with influenza; that the duration of the last illness continued from that date until May 18th thereafter, the date he died; that the primary cause of the death was a fracture at the base of the skull and the contributing cause was that insured was blown down on that day by a strong wind. The testimony of the doctor on the trial shows that the deceased when he visited him on February 27th was suffering with influenza; that he was eighty-four years old; that he had recovered from the influenza as much as a man of his age could; that the influenza did not contribute to his death but left him in a weakened condition and that his age and physical condition were factors which contributed to his fall.

The appellee, Mrs. Willie Jones, in her report to appellant of the death of her father said the immediate cause of his death was a fracture of the skull by a fall and that the remote cause was due to influenza and that he had been ill from February 27, 1938 until May 18th thereafter. In her testimony she says that he had been sitting up for several days before the fatal accident.

We deem it unnecessary to recite the additional testimony offered since, in our opinion, the evidence is amply sufficient to authorize the submission of the issue to a jury. McVeigh v. International Travelers Assur. Co., Tex.Civ.App., 101 S.W.2d 644.

We recognize that the burden was upon appellees to show that the death of the deceased was due, as they alleged, to bodily injury received solely through external, violent and accidental means exclusive and independent of all other causes and, in our opinion, they discharged such burden.

The appellant challenges as error the action of the court in refusing to submit to the jury its special requested issue which reads as follows: "Do you find from a preponderance of the evidence that the fall of T. C. Mason was contributed to by his physical condition?"

In our original opinion we sustained this contention, reversed the judgment and remanded the case to the trial court.

The defendants in error in their motion for rehearing earnestly assail as erroneous this holding contending that the requested issue does not present the question of what caused the death of deceased but inquires only as to whether the physical condition of T. C. Mason contributed to the fall and the issue was properly refused by the court. They cite in support of their position International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.2d 282; Manufacturers' Accident Indemnity Company v. Dorgan, 6 Cir., 58 F. 945, 22 L.R.A. 620; Accident Insurance Company v. Crandal, 120 U.S. 527–534, 7 S.Ct. 685, 30 L.Ed. 740; 1 C.J. 452, 453, § 127; 24 Tex.Jur. 704, para. 28.

Without entering into a discussion of the authorities we have concluded for the reasons discussed we were in error.

T. C. Mason was eighty-four years old when the policy was issued. The plaintiff in error had actual knowledge of his age. It was charged with knowledge of such physical conditions as naturally accompany a person of such age—frailty, weakness, stiff joints and muscles, loss of strength, vigor and agility, and any physical or mental condition of the insured resulting from age. If such conditions contributed to the accident or death they would not defeat a recovery. The testimony is that the insured was eighty-four years old when the policy was issued, had been suffering from influenza, but this did not contribute to his death but he was left in a weakened condition and his age and physical condition contributed to his fall.

The issue as presented is indefinite, uncertain and erroneous and submitted an issue without making any distinction between the physical condition of the insured occasioned from the natural result of age and from the weakness caused by the influenza. Under this record if the issue had been submitted and answered in the affirmative it would not have defeated a recovery for the reason the court could not have determined what produced the physical condition that contributed to the fall.

The court was not required to correct the issue. 24 Tex.Jur. 582, para. 41.

Special issues should be presented in such form as to authorize their submission. 41 Tex.Jur. 150; para. 245.

See also Speer's Special Issues page 371, para. 251; Groves et al. v. National Loan

& Investment Co. of Detroit, Mich., Tex. Civ.App., 102 S.W.2d 508.

The appellant's contention under this record that its liability if at all was only $120, is not tenable.

The original opinion is withdrawn, the motion for rehearing granted and the judgment affirmed.