**CARAWAY v. BEHRENDT et ux.**

No. 11979.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 26, 1949.

Moursund, Ball, Moursund & Bergstrom, San Antonio, Charles W. Barrow, San Antonio, for appellant.

P. H. Long, San Antonio, Oliver & Peace, San Antonio, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by Edgar W. H. Behrendt and wife, Adele M. Behrendt, against Thomas E. Caraway, doing business as the Valley Film Service, for damages as a result of a collision occurring on August 2, 1947, when a truck owned by Thomas E. Caraway and being operated by his employee, Monroe Dietert, collided with the rear end of plaintiffs' automobile. The trial was to a jury and, in keeping with the jury's findings, judgment was rendered against Caraway in favor of Edgar W. H. Behrendt in the sum of $500.00, and in favor of Adele M. Behrendt in the sum of $4,000.00 from which judgment Thomas E. Caraway has prosecuted this appeal.

Appellant's first contention is that the trial court erred in overruling his motion for an instructed verdict because there was no evidence or in the alternative insufficient evidence to support a finding that the operator of his truck was guilty of negligence in any particular. We overrule this contention. The collision occurred at the intersection of South St. Mary's Street and South Alamo Street in the City of San Antonio, about 4:30 o'clock p. m. Appellees' automobile in which they were riding was proceeding in a southerly direction along South St. Mary's Street and was being trailed and followed by appellant's truck. When appellees arrived at the intersection they were stopped by a red light. There were three, four or maybe five cars immediately ahead of appellees' car. When the light changed and a green light came on, the traffic started moving slowly across the intersection. Appellees were driving only three or four miles per hour. When they reached the middle of the intersection, the line of traffic stopped, forcing appellees to stop also. Immediately thereafter appellant's truck struck the rear end of appellees' car with great force and violence, doing considerable damage to

the automobile and injuring Mrs. Behrendt. The driver of appellant's truck testified that he saw appellees' car ahead of him at a distance of some fifty feet, that when he arrived at the intersection he looked at the traffic light, and seeing that it was green he put his truck in second gear and started on across the intersection, when suddenly appellees' automobile stopped in front of him and he was unable to avoid running into the rear end of the automobile. The appellees did not see appellant's truck and were unaware of its presence until it struck the rear end of their car.

We are of the opinion that these facts raise a jury question as to the negligence of appellant's driver. The rule is well stated in Vol. 2 of Blashfield's Cyclopedia of Automobile Law, and Practice, Perm.Ed., § 942, p. 94, which reads as follows:

"A mortorist has right to follow another mortorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic."

Again, the rule is well stated in Rankin v. Nash-Texas Co., Tex.Civ.App., 73 S.W. 2d 680, 683:

"It may be stated as a wise and salient rule of law that, in trailing other automobiles, a mortorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the automobile in front suddenly stopping or decreasing its speed, so that he can stop or decrease his speed to avoid a collision, or can turn out safely to pass the vehicle in front. One cannot run down a vehicle proceeding in the same direction, without having been guilty of some negligence in the operation of his own, unless it appears that

the collision was due to contributory negli- of the driver of the other vehicle. The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents a question of fact for the determination of a jury."

As a matter of fact, at the present time Article 6701d, § 61(a), Vernon's Ann.Civ. St., provides as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

This provision of the statute was not in effect at the time of the collision here involved, but it is nothing more than a reiteration of the rule theretofore recognized in this State.

Appellant seems to base his contention entirely upon the case of Rankin v. Nash-Texas Co., supra. We think that case is easily distinguishable from the case here. In that case Mrs. Rankin's automobile stopped because of the sudden and abrupt appearance of another automobile backing into her pathway, which, of course, was an unforeseen circumstance which intervened and could not have been reasonably anticipated or foreseen by any of the parties. This is quite a different set of circumstances from those in which cars are simply trailing one another down the highway. See also Mueller v. Bobbitt, Tex.Civ. App., 41 S.W.2d 466.

Appellant next contends that the court erred in submitting Special Issues Nos. 8 and 10, over the objections offered by appellant. We do not find it necessary to determine whether issues 8 and 10 were in proper form, because the jury having found other acts of negligence were the proximate cause of the collision it would be harmless error if these issues were not in proper form. There is nothing in these issues that the mere asking of the questions to the jury would prejudice appel-

lant. Wichita Valley Railway Co. v. Williams, Tex.Civ.App., 6 S.W.2d 439, and St. Louis, S. F. & T. Ry. Co. v. Houze, Tex. Civ.App., 28 S.W.2d 865; Schaff v. Morris, Tex.Civ.App., 227 S.W. 199; Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026.

The jury found that appellees failed to signal that they were about to stop and that such failure was negligence, but not a proximate cause of the collision. We think this finding is well supported by the evidence, as the jury could easily have concluded from all the evidence that such signal would not have prevented the collision.

Appellant next contends that the jury was guilty of misconduct in awarding to Edgar W. H. Behrendt the sum of $500.00, in that the jury took into consideration the cost of repairs to appellees' automobile, which element of damage was not submitted by the court for the jury's consideration. We overrule this contention. The evidence relating to this matter is that soon after the jury was discharged a piece of paper was found in the jury room reading as follows:

| "Doctor bills | $208.00 |
| Car bills | 210.00 |
| Ambulance bills | 5.00 |
| | 423.00 |
| | $500.00" |

The jury by their verdict awarded Edgar W. H. Behrendt $500.00 damages. This piece of paper indicates that the jury may have considered car bills of $210.00, which was not submitted to them by the court as an item of damage. However, the sum awarded was not $423.00, the sum total of the three items set forth on the piece of paper. The jury must have been considering some other items in arriving at the sum of $500.00.

The jury was authorized to consider the personal injuries of Mr. Behrendt. Four of the jurors who testified stated that they had concluded he did not suffer any personal injuries. However, they were unable to explain just why they awarded the $500.00. No juror testified that they actually considered and allowed $210.00 as car bills. We are of the opinion that this verdict cannot be impeached by the testimony given by the jurors which attempted to show how they arrived at the sum of $500.00, in the absence of clear proof that they considered an improper item in doing so.

Appellant next contends that the trial court erred in not holding that the jury was guilty of misconduct in that the damages awarded to appellee Adele M. Behrendt were arrived at and were the result of a quotient verdict. The evidence shows that upon this same piece of paper which was found in the jury room, one of the jurors had written down twelve different amounts and added these sums together and divided the answer by twelve, thus arriving at the sum of $4,125.00. The sum ultimately awarded was $4,000.00. The evidence does not show that the jury agreed to put down the amount which each juror thought should be awarded Mr. Behrendt and that these sums should be added up and divided by twelve, and that this would be their verdict. On the contrary, the evidence shows that no such agreement was made. We therefore conclude that the verdict was not a quotient verdict and should not be disturbed. 31 Tex.Jur. 53, § 46; Page v. Lockley, Tex.Civ.App., 176 S.W.2d 991, affirmed, Supreme Court, Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616; Dugat v. Hargraves, Tex.Civ.App., 42 S. W.2d 681.

Accordingly, the judgment of the trial court is affirmed.

SMITH, C. J., absent.