### HAVENS et al. v. GUETERSLOH.
No. 6238.

Court of Civil Appeals of Texas.
Amarillo.

Oct. 6, 1952.

Rehearing Denied Nov. 3, 1952.

Calloway Huffaker, Jr., Tahoka, for appellants.

Klett, Bean & Evans, Lubbock, for appellee.

MARTINS, Justice.

Appellant, Cleo Havens, while driving her automobile from Lubbock to Tahoka collided with the rear of an automobile driven in the same direction on the highway by appellee, Elizabeth Guetersloh. The undisputed evidence reveals that appellee slowed down her automobile to turn off the highway and that appellant likewise decreased the speed of her automobile at the same time. It is the contention of appellants that appellee after slowing down her automobile suddenly stopped the same on the highway and that appellant, Cleo Havens, was unable to stop her car and avoid colliding with it. Appellants sued for damages to their automobile and also for personal injuries suffered by appellant, Cleo Havens. W. T. Havens was not present at the time of the collision and his wife, Cleo Havens, is referred to herein as appellant.

The jury found in response to special issues that appellant failed to keep a proper lookout for appellee's car, failed to keep her car under control, and that appellant in driving her automobile followed the automobile driven by appellee more closely than was reasonable and prudent. The jury further found that appellant's conduct in the above respects constituted negligence and that such negligence was the proximate

cause of the collision in question. On these findings of the jury, the trial court rendered judgment that appellants take nothing as against the appellee. Appellants perfected an appeal and assert five points of error. These points will be stated and discussed in the order of their presentation.

■ Appellants' first point is that the trial court erred in refusing to submit their requested issue as to whether appellant was acting in a state of emergency at the time of the collision. A fundamental element of appellants' requested issue is a definition of "emergency" as follows: "The word 'emergency' as used herein means a condition arising suddenly and unexpectedly and not proximately caused by the negligent act or acts of Mrs. W. T. Havens and which called for immediate action on her part without time for deliberation." This definition does not comply with the rule approved by the Supreme Court of Texas. In the case of Goolsbee v. Texas & N. O. R. Co., 243 S.W.2d 386, 388, the Supreme Court approved the following instruction: "By the term 'emergency', as used in this charge, is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission of the person in question and which calls for immediate action on his part and without time for deliberation." The error of appellants' definition in not containing the word "omission" is readily apparent as applied to the case here in issue as the evidence discloses that any asserted condition of emergency was proximately caused by omissions on the part of the appellant as found by the jury in the cause. "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment." Rule 279, Vernon's Texas Rules of Civil Procedure; Hooks v. Orton, Tex.Civ.App., 30 S.W.2d 681, syl. 10, 11; Talley Transfer Co. v. Cones, Tex.Civ. App., 216 S.W.2d 604, syl. 4; Gulf, C. & S. F. R. Co. v. Jones, Tex.Civ.App., 221 S.W.2d 1010, syl. 5; American Casualty Co. v. Jones, Tex.Civ.App., 146 S.W.2d 423, syl. 5, 6.

■ A further consideration of appellants' first point reveals there is no evidence of probative force in the record that the acts of appellant "were the instinctive result of a feeling of fear and fright occasioned by the apparent danger to the car" in which she was riding, nor is there any evidence of "alarm", or of "the apprehension of peril" or of "the startled, dazed, or confused condition of the plaintiff's mind." Beck v. Browning, Com.App., 129 Tex. 7, 101 S.W.2d 545, 546, syl. 2, 3. The appellant's own testimony is that the road was wet and slick; that appellee "was slowing up and that she was slowing up, too"; and that when appellee stopped "I applied my brakes just as quick as I could and I started sliding and I didn't have any control of the car after I started sliding." The evidence in the record is not sufficient to make out the issue of sudden peril or emergency. Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907, syl. 22, 23.

■ Further, the refusal of the trial court to submit appellants' issue as to emergency or sudden peril, if conceded to be raised by any evidence of probative force, was harmless error in that the jury found that appellant failed to keep a lookout, failed to keep her car under control, and that she followed the car of appellee more closely than was reasonably prudent and that such acts were negligence and the proximate cause of the collision. "The negligence of plaintiff must not have concurred in bringing about a situation of peril". Beck v. Browning, supra; Reddick v. Longacre, Tex.Civ.App., 228 S.W.2d 264, syl. 14, 15; White v. Munson, Tex.Civ. App., 162 S.W.2d 429; Ynsfran v. Burkhart, supra; Caraway v. Behrendt, Tex. Civ.App., 224 S.W.2d 512, syl. 3. For the reasons hereinabove set forth, appellants' first point is overruled.

■ Appellants' second, third and fourth points will be discussed jointly as these points assert that the verdict of the jury was contrary to the evidence in that the undisputed evidence wholly failed to show

that appellant failed to keep a proper lookout, failed to keep the car under control, and that appellant followed the automobile driven by appellee, Elizabeth Guetersloh, more closely than was reasonable and prudent for the speed of such vehicle upon and the condition of the highway. The rules as to examination of the evidence under such assignments are too well known to require a statement thereof and citation of authority.

The record reveals that both appellant and appellee testified that the road was wet. This testimony was corroborated by the testimony of the bus driver and of officers placed on the stand by appellants. Appellant also testified that the road was slick. The testimony reveals that appellee did not skid the tires on her car at the place of the collision. Appellant testified, "Well, our speed was slowing up as we were approaching the bus. * * * I applied my brakes just as quick as I could and I started sliding and I didn't have any control of the car after I started sliding." Appellant further testified that she tried to pull around when she saw that she was not going to be able to stop and that she couldn't pull around appellee's car. Since appellee was able to stop her car without sliding the tires or using the brakes, accepting appellant's testimony that appellee did stop on the highway, the jury was clearly authorized to find on appellant's testimony that she could neither stop her car nor turn the same aside or control it in any way, that appellant did not keep a sufficient lookout, did not keep her car under control and followed appellee's automobile too closely. It is also pertinent as to such findings above that the jury found that appellant was not driving her car at an excessive rate of speed under the circumstances. No issue was submitted to the jury as to whether appellee indicated by appropriate signal that she intended to make a left turn off the highway. On this matter appellee testified that she indicated a left turn by flashing the blinker light on her automobile. The bus driver placed on the stand by appellant likewise testified that appellee flashed the blinker light on her automobile indicating a left turn off the highway. It is particularly noteworthy that appellant went no further than to say "I did

not see her signal. * * * I did not see it. * * * I didn't see the signal." Since appellee testified that she flashed the left turn signal and appellant's own witnesses corroborated such testimony, appellant's own testimony on direct examination that she did not see appellee's signal while she was immediately following appellee's car is sufficient evidence in itself to support the jury finding that appellant was not keeping a proper lookout. Appellant's further testimony as to the slick road and that "I applied my brakes just as quick as I could and I started sliding, and I didn't have any control of the car after it started sliding" would support the jury verdict that appellant failed to keep her car under control, particularly when taken in conjunction with appellant's admission that both appellant's car and appellee's car were slowing down as to speed at the time of the collision. Appellee testified that she never applied her brakes and this testimony is substantiated by jury findings in the cause. Appellee's automobile was shown to be in good mechanical condition and the jury findings that appellee slowed down her automobile and stopped the same without giving an appropriate signal evidences that appellee did not use her brakes as such action would have flashed the stop signals on her car. Since appellant applied the brakes on her car and then ran down appellee's automobile, such action is explained only by the three jury findings against her. The verdict of the jury is supported by the evidence in the cause as to the three issues and appellants' second, third and fourth points are overruled.

Appellants' fifth point asserts that the court erred in submitting a charge on the law that was erroneous and could in no wise be of any benefit to the jury and which charge was prejudicial to the appellants. The court's charge as quoted by appellant is as follows: "in trailing other automobiles, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the automobile in front suddenly stopping or decreasing its speed, so that he can stop or decrease his speed to avoid a collision, or can turn out safely to pass the vehicle in front." Appellants under their fifth point,

state that the above charge was taken from Rankin v. Nash-Texas Co., Tex.Civ.App., 73 S.W.2d 680, 683, and complain that the court erred in not further including in the charge the following language found in the same case:

"One cannot run down a vehicle proceeding in the same direction, without having been guilty of some negligence in the operation of his own, unless it appears that the collision was due to contributory negligence of the driver of the other vehicle. The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents a question of fact for the determination of a jury."

Appellants should not complain of the omission of this language from the charge as its omission renders the charge more favorable to appellants than to appellee.

The instruction of the trial court is more broad than the statute on such subject. Article 6701d, "Sec. 61.(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway." The rule "contended for" by appellants and cited by them from Caraway v. Behrendt, supra [224 S.W.2d 514], syl. 2, is as follows:

"A motorist has right to follow another motorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front * * *."

The trial court's instruction, though not following this rule implicitly, is well within this rule and does no violence to the same.

■ The trial court's instruction might well have been confined to the language of the statute, Article 6701d, Sec. 61.(a), Vernon's Ann.Texas Civil Statutes. But, appellants could have suffered no harm from the trial court's instruction as the jury also found that appellant failed to keep a proper lookout and also failed to keep her car under control and that such was negligence and the proximate cause of the collision. Either of these findings is fatal to the appellants' cause and the jury findings on these two issues could not be within the language of or influenced by the court's instruction concerning solely the issue as to appellant following appellee's automobile too closely.

Further, an examination of the instruction complained of by appellants reveals that not all of the trial court's instruction has been quoted or discussed on this appeal. The trial court's instruction as complained of here further advised the jury:

"You are instructed that, a driver of a car upon a public highway is entitled to rely upon the law of the road, and presume that any person operating a car in front of him will not stop or change their course of travel or suddenly reduce their speed without giving an appropriate signal of their intention to do so."

This instruction gave the appellants the benefit of the "law of the road" and this part of the court's instruction given in conjunction with that part of the instruction complained of by appellants here renders the court's instruction more favorable to the appellants than to the appellee. The court's entire instruction as given is within the rule contended for by appellants and cited from Caraway v. Behrendt, supra, and is more favorable to appellants than to the appellee and could not have harmed them in the light of the jury findings that appellant failed to keep a lookout and also failed to keep her automobile under control. Rule 434, Vernon's Texas Rules of Civil Procedure; Caraway v. Behrendt, supra, 224 S.W.2d 512, syl. 3; Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W.2d 147.

Appellants' five points are overruled, and the judgment of the trial court is affirmed.