UVALDE CONSTRUCTION COMPANY V. CARL HILL.

No. 8130. Decided November 3, 1943.
Rehearing overruled December 8, 1943.
(175 S. W., 2d Series, 247.)

*M. J. Flahive, Ernest, Bondies & Flahive* and *Stassburger, Price, Holland, Kelton & Miller*, all of Dallas, for petitioner.

*J. S. Grisham,* of Dallas, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in a District Court of Dallas County, Texas, by Carl Hill, hereinafter designated plaintiff, against Uvalde Construction Company, a corporation, hereinafter designated defendant, to recover damages for personal injuries alleged to have been received by plaintiff's wife as the result of the negligence of the defendant. The trial court sustained certain special exceptions to the plaintiff's petition, urged by the defendant. This action of the court, in effect, adjudged that the petition on its face failed to allege a cause of action. Plaintiff refused to amend, and this cause was dismissed. On appeal by plaintiff, the El Paso Court of Civil Appeals, to which this cause had been transferred, reversed the judgment of the district court and remanded this cause thereto for a trial on its merits.

Plaintiff's petition in the district court alleges, in substance: That on and before November 23, 1939, defendant was engaged in constructing a rural electrification system in a sparsely settled rural community in Eastland County, Texas; that in constructing such system the defendant dug holes in which to set poles; that in digging such holes defendant used dynamite to blast out rock and dirt; that about 7:30 o'clock on the morning of the date above mentioned defendant, in the prosecution of the above construction, set off a dynamite blast of such size and proportions that it caused a violent explosion and concussion, and earth tremors on plaintiff's premises some 2,296 feet (765-plus yards) from the place of the blast; that such explosion was attended by a shaking of the ground and buildings in plaintiff's barn lot; that such explosion caused a sudden and fearful noise on plaintiff's premises; that at the time of such explosion plaintiff's wife was engaged in milking a cow on

plaintiff's barn lot; and that the blast and ensuing violent explosion, concussion, and earth tremors, attended by the shaking of plaintiff's ground and buildings and sudden and fearful noise, so frightened and terrified such cow that "she bounded against plaintiff's wife, knocking her to the ground, and turned and trampled upon her," thereby severely injuring her.

Plaintiff's petition further alleges: That the above events occurred in a rural community; that the inhabitants thereof usually milked their cows about 7:30 o'clock in the morning, and that this fact was known to the defendant.

Plaintiff's petition alleges that the defendant was guilty of negligence, which proximately caused Mrs. Hill's injuries, in the following particulars:

1. That defendant failed to warn plaintiff's wife of its intention to set off this blast of dynamite, as it was its duty to do.

2. That defendant used such a quantity of dynamite as to cause great and unusual concussion, tremors, combustion, and noise.

3. That defendant failed to use a governor, muffler, sound arrester, or other device to control, muffle, arrest, or subdue the concussion and vibration proceeding from this explosion.

4. That it was defendant's duty to promulgate a rule requiring its servants and employees to notify the inhabitants living within the zone of the tremors, vibration, and concussion of this explosion, and that no such rule was promulgated.

5. That it was the rule and custom of the defendant to give warning to the inhabitants residing within the zone of its dynamite blasts, and that no such warning was given.

The trial court sustained special exceptions to plaintiff's petition, which in effect held it insufficient to allege a cause of action against the defendant, for the following reasons:

1. Because such petition shows on its face that the injuries suffered by Mrs. Hill were not proximately caused by any act or omission of the defendant, negligent or otherwise.

2. Because it appears on the face of plaintiff's petition that the injuries suffered by Mrs. Hill were not the natural and

probable result of any of the alleged acts of negligence charged against the defendant.

3. Because it appear on the face of plaintiff's petition that the defendant ought not to have foreseen Mrs. Hill's injuries.

■■ The mere showing of negligence alone will not justify holding the one guilty thereof liable for damages. The plaintiff must go further, and allege and prove facts that show that the negligence of the defendant was the proximate, not the remote, cause of the resulting injury. In order for it to be said that the injury resulted from an act of negligence, the facts alleged and proved must justify the conclusion that such injury was the natural and probable result thereof; and in order to justify the conclusion that an injury was the natural and probable result of an act of negligence, it must be shown that the party committing the act ought to have foreseen the consequences thereof in the light of the attendant circumstances. It is not required that the particular act complained of should have been foreseen; "all that is required is that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that the injury to him or one similarly situated might reasonably have been foreseen." Carey v. Pure Distributing Corp., 133 Texas 31, 35, 124 S. W. (2d) 847, 849; Searle v. Gulf C. & S. F . Ry. Co., 65 Texas 274, 57 Am. Rep. 602; Texas & Pacific Ry Co. v. Bigham, 90 Texas 223, 38 S. W. 162; Union Stock Yards v. Peeler (Com. App.), 37 S. W. (2d) 126; Paris & G. N. Ry. Co. v. Stafford (Com. App.), 53 S. W. (2d) 1019; San Antonio & A.P. Ry. Co. v. Behne (Com. App.), 231 S. W. 354.

■ Measured by the foregoing rules of law, we are compelled to the conclusion that the allegations of the plaintiff's petition show affirmatively that Mrs. Hill's injuries were not the direct or proximate result of the act of the defendant in causing this blast or explosion. She received no injuries as a direct conse-- quence of this explosion. To the contrary, her injuries resulted indirectly, and through an intervening agency. The cow she was milking became startled or frightened at the explosion, and because of being so startled or frightened, she bounded against Mrs. Hill, and then turned and trampled her. To our minds, injuries received under such circumstances, as a matter of law, cannot be said to have proximately resulted from the act of defendant in causing this blast or explosion.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered November 3, 1943.

Rehearing overruled December 8, 1943.