### TEXAS & NEW ORLEANS R. CO. v. GOOLSBEE.

#### No. 12136.

Court of Civil Appeals of Texas. Galveston.

Feb. 16, 1950.

Rehearing Denied March 9, 1950.

J. Curtiss Brown and Raymond L. McDermott, Houston, Baker, Botts, Andrews & Parish, Houston, of counsel, for appellant.

Combs, Brown & Brock, Houston, Warner F. Brock, Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Addison Goolsbee, for the recovery of damages for personal injuries alleged to have been sustained by him as a result of the negligence of the employees of appellant, Texas & New Orleans Railroad Company, in the operation of its trains which was alleged to have caused him to jump from the engine of the train on which he was engaged as a fireman because of his apprehension of a collision between that train and another train which he had neither seen nor heard.

Appellant answered by general denial and by a plea that the matters complained of by appellee were the result of a new and independent cause and that his injuries were caused solely by the acts or omissions of a third party or parties.

In answer to special issues submitted, the jury found, in substance, that the engineer in charge of appellant's train drove it to a point closer to the crossing of the Port Terminal Railroad Association's track before bringing it to a stop, than a reasonably prudent person would have done under the same or similar circumstances; that in approaching said crossing, appellant's train was being operated at a greater rate of speed than a reasonably prudent person would have operated it under the same or similar circumstances and that said engineer failed to apply the braking mechanism available to him on said train within a reasonable distance from said crossing. The jury found that such acts and omissions were negligence and that they were the proximate causes of appellee's alleged injuries.

The jury assessed appellee's damages at $22,500.00 on which verdict judgment was rendered. However, on the trial court's or-

282

der, on motion for new trial, that unless a remittitur was filed a new trial would be granted, appellee, under protest, filed a remittitur of $8,000.00. He has filed a cross-assignment of error to the trial court's action in suggesting the remittitur under Rule 328, Texas Rules of Civil Procedure.

The accident which was the basis of appellee's suit, occurred on February 24, 1947. A train which was being operated by the Port Terminal Railroad Association, consisting of two engines and 55 cars, was proceeding backward and approaching an intersection with appellant's railroad track at a point known as Galena Junction in the city of Houston, when a freight train of appellant, consisting of an engine and 21 cars was proceeding in an easterly direction along its track and approaching said intersection. Appellant's employees testified that its train came to a stop at a distance of between 21 and 42 feet from the Port Terminal Railroad Association track. The engineer on the Port Terminal Railroad Association lead engine, on viewing appellant's approaching train and just before its train reached the crossing, applied the brakes on his train, got out of his seat, went down the passageway to the storm guards on his engine and made an effort to get the storm guards open. He then looked back and when he discovered that appellant's train had come to a stop, he remained on his engine. Appellee, the fireman on the lead engine, testified that he observed the action of his engineer, and although he had neither seen nor heard the approach of appellant's train, he assumed that there was a train approaching along the other track and that there would be a collision and, without making any inquiries or looking in the direction of the other train, he jumped from the window of his cab. In his jump from the cab of his engine, he sustained a compound fracture of his right leg, damages for which are sought in this action.

According to the engineer of the Terminal train, the speed of his train at the time of the accident was 5 or 6 miles per hour. He testified that he observed the fireman leave his window, but said nothing to him and made no effort to prevent the

fireman from leaving the engine. He testified that what frightened him was that appellant's train was what he termed "working steam" when it approached the crossing. Numerous witnesses testified that the working of steam is a normal and customary practice known as "braking against steam" and that it is the best method of stopping a loaded or long train in that it allowed the engine to continue to pull against the cars while the brakes are applied through the train-line air to each of the cars in the train and that this method of braking stretches the train out so as to prevent "slack action" and thereby avoids injury to personnel and property on the train. Braking against steam produces a heavy exhaust from the engine.

Appellee admitted that he did not hear or observe the approaching train of appellant; that nothing had called his attention to it; that he had no knowledge of its presence and that he jumped from his train solely because of his observations of the movement of his engineer and the expression on the engineer's face and that the engineer did not say anything to him.

■ The standard by which the question of negligence vel non must be tested is the common experience of mankind. It implies generally the want of that care and diligence which ordinarily prudent men would use to prevent injury under the circumstances of the particular case. Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587; International & G. N. Ry. Co. v. Gray, 65 Tex. 32.

■ The question of the existence of negligence and its degree generally depends upon the facts of each case; and if it consists of an omission to perform a duty devolved upon the person charged with negligence it must be considered with reference to the character of the business in which the person is engaged. San Antonio St. Ry. Co. v. Caillonette, 79 Tex. 341, 115 S.W. 390.

■ "Negligence rests primarily upon two elements: First, reason to anticipate injury; and, second, failure to perform the duty arising on account of that antici-

pation". To render negligence actionable, it must be concretely incorporated into some injury. Collins v. Pecos & Northern Texas Ry. Co., 110 Tex.. 577, 212 S.W. 477, 222 S.W. 156; Johnsonv. Wichita Valley R. Co., Tex.Civ.App. 104 S.W.2d 128.

■ In the case of Collins v Pecos & Northern Texas Ry. Co., 110 Tex. 577, 212 S.W. 477, 479, the court, quoting with approval from Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, said, "But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances".

■ "Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor. 30 Tex.Jur. p. 663, and authorities there cited. Tex. & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peller, Tex.Com.App., 37 S. W.2d 126." Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249, 251.

In the case of Uvalde Construction Co. v. Hill, 142 Tex. 19, 175 S.W.2d 247, 248, our Supreme Court laid down the rule that "The mere showing of negligence alone will not justify holding the one guilty thereof liable for damages. The plaintiff must go further, and allege and prove facts that show that the negligence of the defendant was the proximate, not the remote, cause of the resulting injury. In order for it to be said that the injury resulted from an act of negligence, the facts alleged and proved must justify the conclusion that such injury was the natural and probable result thereof; and in order to justify the conclusion that an injury was the natural and probable result of an act of negligence, it must be shown that the party committing the act ought to have foreseen the consequences thereof in the light of attendant circumstances. It is not required that the

particular act complained of should have been foreseen; 'all that is required is "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." ' " and authorities cited.

In the case of Carey v. Pure Distributing Corporation, 133 Tex. 31, 124 S.W.2d 847, 850, the controlling facts are similar in all material respects. In that case plaintiff and his wife were camped in the right-of-way of a public highway at a point about 20 feet from the traveled portion of the highway. Plaintiff was lying on a cot underneath a canvas awning which extended out from their house trailer. A top from an oil can fell from a truck owned and operated by the defendant, which was being driven along the highway, and struck plaintiff while he was lying on the cot. His wife, who was inside the trailer, heard the noise incident to the injury to her husband and heard him say that he had been hit on the head. She concluded that her husband was being attacked and jumped from her bed and secured a pistol. She went to the door of the trailer and observed that her husband was bloody. The excitement caused plaintiff's wife, who was in advanced pregnancy, to miscarry. The negligence of the defendant and the fact that it had knowledge of the defective condition of the can, was conclusively established and the jury found that the operation of a truck with the defective fastener was the proximate cause of the injuries sustained by plaintiff's wife and rendered judgment in plaintiff's favor. In reversing and rendering the judgment, the Supreme Court applied the rules of proximate causation above announced and said: "As already indicated, the injury to Mrs. Carey resulted alone from fright, and in the manner and way, and in the circumstances above detailed. As to her, we think her injuries were too remote from defendants' negligence to meet the above-announced rules of law. In other words, we think it can hardly be said that the owner and the driv-

er of this truck ought to have foreseen injury such as Mrs. Carey received".

In that case the Supreme Court recognized that fright and mental reactions of persons upon viewing a danger, or situations created by another's negligence, are too remote, varied and unpredictable to hold that injuries flowing from such fright and apprehension, as a matter of law, are proximately caused by the original negligence.

In the instant case it is, we think, obvious that the engineer of appellant's train could not reasonably have anticipated that the excitement of the engineer of the Port Terminal train would create in appellee such apprehension of a supposed danger, which did not in fact exist, that appellee would jump from his train and injure himself.

In the case of Texas & P. Ry. Co.v. Bigham, 90 Tex. 223, 38 S.W. 162, 164, the court speaking through Judge Gaines in passing on a similar question said, "In our opinion, nothing short of a prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff".

In the instant case it is obvious, we think, that appellee's engineer's reaction to a situation by manifesting his fright and apprehension in the mind of appellee caused him to jump from his engine and injure himself. To say that the burden was upon appellant of anticipating the mental reactions over two persons over whom it had no control, would be to impose a burden which we do not think the law contemplates.

The case of International-Great Northern Railroad Co. v. Lowry, 132 Tex. 272, 274, 121 S.W.2d 585, on subsequent appeal, Tex. Civ.App., 153 S.W.2d 260, writ refused, is in accord with the rules above announced.

Under appropriate point, appellant assigns error in the action of the trial court in overruling its motion for an instructed verdict for the alleged reason that, as a matter of law, appellee was guilty of contributory negligence in jumping from his train and that such negligence was the proximate cause of his injury.

It is uncontroverted that appellee testified on cross-examination that, in order for him to have a full vision on the side of the engine where his engineer was seated, and from which appellant's train approached, he would have had to move over to his left some five feet, but that he failed to do so, and that he did not look for or see appellant's approaching train.

In the case of Beaty v. Missouri, K. & T. Railway Company of Texas, Tex.Civ.App., 175 S.W. 450, writ refused, we have a similar factual situation in that plaintiff was a passenger on an excursion train of defendant's railroad. At the station defendant's tracks approached within a short distance of the St. Louis Southwestern Railway tracks. As defendant's train reached a point where its track paralleled the St. Louis Southwestern Railway track, and it appeared to plaintiff that their trains would run into each other, the plaintiff, laboring under the belief that the danger of a collision was eminent, jumped from the window of the car in which he was riding, sustaining a serious injury from the fall. He brought suit against both railway companies for damages, alleging that they were negligent in building and maintaining their tracks in such close proximity to each other as to create in the minds of passengers that there was danger of a collision. In affirming the action of the trial court in instructing a verdict against the plaintiff, the Austin Court of Civil Appeals held that the appellant was guilty of contributory negligence in that he was in no actual danger, and that if he had remained on the train he would have been safe and that if he had looked, he could have seen before jumping, that the tracks did not cross each other.

█ Measured by the foregoing rules of law, we are compelled to the conclusion that appellee's pleadings show affirmatively that his injuries were not the direct or proximate result of the negligent action of appellant and that appellee received no injuries as a direct consequence thereof, but that his injuries resulted through an intervening agency. Under the rules above announced, injuries received under such circumstances, as a matter of law, cannot be

said to have proximately resulted from the acts of appellant as shown by this record.

The judgment of the trial court is reversed and here rendered in favor of appellant.

Reversed and rendered.