## TEXAS & N. O. R. CO. v. GOOLSBEE.
### No. 12136.

Court of Civil Appeals of Texas.   Galveston.
March 15, 1951.

Rehearing Denied April 5, 1951.

J. Curtiss Brown, Raymond L. McDermott, Houston (Baker, Botts, Andrews & Parish, Houston, of counsel), for appellant.

Combs, Brown & Brock, Houston (Warner F. Brock, Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is a second hearing in an action brought by appellee, Addison Goolsbee, for the recovery of damages for personal in-

juries alleged to have been caused by the negligence of the employees of appellant, Texas & New Orleans Railroad Company, in the operation of a train, which caused him to jump from the engine in which he was employed as a fireman, because of apprehension on his part of a collision between that train and the train operated by appellant.

In its answer, appellant alleged that appellee's injury was the result of a new and independent cause which was due solely to the acts and omissions of a third party or parties and that appellant was not liable therefor.

The facts adduced in the trial court are fully set out in this Court's opinion at Volume 228 S.W.2d 280. The trial court rendered judgment in favor of appellee in the sum of $22,500. A remittitur was filed by appellee under protest and final judgment was rendered in favor of appellee in the sum of $14,500. On appeal, this Court reversed the judgment of the trial court and rendered judgment in favor of appellant, holding that, as a matter of law, appellee's injuries had resulted through an intervening agency for which appellant was not responsible to appellee. The Supreme Court held that this Court was in error in so holding and that the testimony in the trial court raised an issue as to the liability of appellant for appellee's injuries. It held that appellee's pleadings were sufficient to support this issue, and that the case should be remanded to this Court for the consideration of assignments of error which had been raised in the trial court and had not been passed upon by this Court.

The accident complained of occurred in February, 1947. Appellee was employed as a fireman on the lead engine of a Port Terminal Railroad Association train consisting of two engines and fifty-five cars, which was proceeding northward approaching an intersection with appellant's track at Galena Junction in Houston. As the train upon which appellee was employed approached this intersection, a freight train operated by appellant, consisting of an engine and twenty-one cars, was also approaching the intersection of the two tracks from a westerly direction. Appellant's train came to a stop at a distance of from twenty-one to forty-two feet from the Port-Terminal Track. The engineer on the engine on which appellee was employed testified that when he saw appellant's train approaching, and just before his train reached the crossing of the two tracks, he applied his brake in emergency and made an effort to open the storm curtains on the lead end of his engine but that when he looked back over his shoulder and discovered that the appellant's train had stopped, he remained on the engine. He testified that the thing that frightened him was the fact that the engine on the Texas & New Orleans Railroad Company train was working steam as it approached the crossing. Appellee testified that he observed the actions of his engineer and that, although he neither saw nor heard the Texas & New Orleans Railroad Company train approaching, he assumed that a train was approaching on the other track and assumed from the actions of his engineer that there might be a collision and, without looking in the direction from which appellant's train was approaching, he jumped from the window of his cab.

It was established by numerous witnesses that the "working of steam" was a braking technique known as "braking against steam," which was the approved method of stopping a loaded or long train in that it allows the engine to pull against the cars while the brakes are applied to each car and prevents "slack action" and injury to personnel and property on the train.

Appellee sustained a compound fracture of his right leg in jumping from the engine. A jury found appellant guilty of negligence in driving its train to a point closer to the crossing before coming to a full stop than a reasonably prudent person would have done; that the train in approaching the crossing was being operated at a greater rate of speed than it would have been operated by a reasonably prudent person; that the engineer had failed to apply his brakes at a reasonable distance from the crossing; that such acts and omissions constituted negligence and were proximate causes of appellee's injury. Appellee was

acquitted of contributory negligence and the jury found that the accident was not unavoidable.

This Court held in the former appeal that, as a matter of law, under the facts established any negligence on the part of appellant was not a proximate cause of appellee's injury and that appellee's injury was caused by the actions of the engineer on appellee's engine which was a new, independent, and intervening cause of the injury.

The Supreme Court in its opinion held that the cases and authorities relied on by this Court in support of its decision were not controlling and that proximate causation was not the controlling issue in this case but that the controlling questions presented in the appeal were whether appellee had made out a case of liability under the doctrine of imminent peril, as established in the cases of International Great Northern Railroad Co. v. Neff, 87 Tex. 303, 28 S.W. 283, and Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545.

Appellant, in its brief on the former appeal raised numerous points or assignments of error. Under the first four points of error, it complained of the action of the trial court in refusing to grant its motion for an instructed verdict, for the reason that, as a matter of law, any alleged acts of negligence on the part of appellant were not proximate causes of the appellee's injury.

Under its sixth point or assignment of error, appellant contended that appellee's only basis for recovery was under the doctrine of "imminent peril" and that he had failed to establish the essential elements of an imminent-peril case as laid down by the Supreme Court in the case of Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545. It complains of the court's refusal to submit its requested Special Issue N inquiring as to whether the apprehension of the plaintiff, if any, referred to in Special Issue No. 21, was sufficient to cause appellee to lose his power to act voluntarily and deliberately, and its requested Special Issue W, inquiring as to whether appellee's act in jumping from his engine was a voluntary

one. The trial court refused the submission of both issues.

The case of Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545, was an action for damages for personal injuries. Plaintiff was asleep in the back seat of an automobile in which he was riding at night. He was suddenly awakened and startled by someone in the front seat exclaiming "look out for those bright lights." A car was approaching the car in which he was riding at a rapid rate of speed. On hearing the exclamation and seeing the lights of the approaching automobile, plaintiff was placed in a state of mental terror and in apprehension of his safety, acting upon the instinct of self-preservation and without time for deliberation, he jumped from the automobile and was seriously injured.

The Supreme Court, quoting with approval from the opinion in the case of International Great Northern Railroad Co. v. Neff, 87 Tex. 303, 28 S.W. 283, 286, said:

"The rule is sound and just which holds the party guilty of negligence responsible for the result if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life, or serious injury to his person, whether that person be prudent or imprudent, if, in an effort to save his life, he makes a choice of means from which injury results, and, notwithstanding, it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether."

The Supreme Court then stated that the principles governing liability in cases of sudden peril are: (1) The peril or alarm must be caused by the negligence of the defendant; (2) the apprehension of peril, from the standpoint of the injured person must have been reasonable; (3) the appearance of danger must have been so imminent as to leave no time for deliberation; and (4), in cases where the evidence raises an issue of negligence on the part of plaintiff, the negligence on the part of plaintiff must not have concurred in bringing about a situation of peril, or contributed in creating the startled, dazed, or confused condition of the plaintiff's mind.

Appellant contends that while appellee's only basis for recovery in the instant case is under the doctrine of imminent peril, he failed in the trial court to establish the essential elements of an imminent-peril case announced by the Supreme Court in the case of Beck v. Browning, since the record reflects that, by his own admission, he neither saw nor heard the approach of defendant's train and that there was no showing in the record that he acted impulsively or unvoluntarily or without time for deliberation.

Appellant contends that appellee had no apprehension of danger at the time he jumped from the engine, and that it is apparent from appellee's own testimony that the sole basis of his action was his observation of the actions of the engineer on his train and that he merely speculated about the possible danger to him when he jumped from the engine.

In the case of Carter v. Walker, 165 S. W. 483, the San Antonio Court of Civil Appeals, in discussing the element of "appearance of danger," held that a man cannot recover for damages inflicted by himself through wildly imagining that he was in danger and that, in order to make a case arising from action on the part of the plaintiff caused by the negligent act of the defendant, it must be shown that there was misconduct upon the part of the defendant reasonably calculated to cause the plaintiff to do the thing that resulted in his injury, and that there can be no recovery unless there be negligence on the part of the defendant, placing the plaintiff in a situation where he must adopt a perilous alternative or where the negligence of the defendant creates such terror as to cause the plaintiff to act wildly or negligently.

While the Supreme Court held in its opinion that the jury in the trial court was justified in holding that the employees of appellant were guilty of negligence in certain respects, no issue was submitted to the jury inquiring as to whether appellee in jumping from his engine acted involuntarily, impulsively, and without deliberation to determine whether appellant could be held liable under the doctrine of imminent peril.

■ It is important, we think, in the state of the record in this case, that these fact issues should be submitted to the jury in view of appellee's admission in his testimony that in jumping from the engine he was influenced and acted on the basis of his observation of the actions of the engineer on his train.

■ The courts of this state have uniformly held that before a party can recover under the doctrine of imminent peril, it is necessary that he show by pleading and proof that, at the time he acted, the appearance of danger was so imminent as to leave no time for deliberation. International-Great Northern Railroad Co. v. Lowry, 132 Tex. 272, 121 S.W.2d 585.

Appellant contends that appellee failed to meet these requirements and that the judgment cannot stand because (1) there was no appearance of danger to the appellee, he not being within the zone of danger, and, by his own admission, never seeing, hearing or knowing of the approach of appellant's train, and (2) there was no showing whatsoever that appellee acted without time for deliberation, i. e., impulsively and involuntarily. There was no finding in the jury's verdict that plaintiff's apprehension was caused by an act or omission of appellant or by the negligence of its employees.

Under the above authorities it follows, we think, that an issue should have been submitted to the jury inquiring as to whether appellee's apprehension of danger was caused by any act or omission of the appellant as a necessary part of appellee's case.

■ Under his first cross-point, appellee complains of the action of the trial court in requiring him to file a remittitur in the amount of $8,000 for the alleged reason that the jury's answers to special issues were supported by substantial evidence and that the court's action in requiring said remittitur was contrary to the evidence and invaded the jury's province.

It is undisputed that at the conclusion of the argument on appellant's motion for

new trial, the trial court expressed agreement with appellant's contention that the jury's finding of $8,000 for appellee's future loss of earnings was not supported by the evidence. The court stated that a new trial would be granted unless the appellee made a remittitur of $8,000. Appellee chose to make the remittitur.

■ In the case of World Oil Co., Inc. v. Hicks, 129 Tex. 297, 103 S.W.2d 962, by the Commission of Appeals, in an opinion adopted by the Supreme Court, it was held that the trial court has the discretion to suggest remittitur of a stated amount as a condition on which a motion for a new trial will be overruled or a judgment affirmed where there is no other error and the court finds that the verdict of the jury is for an excessive amount.

We have carefully considered all other points of error presented in the briefs of the parties to the appeal, and, except as herein stated, find no other reversible error in the record. We have, in the interest of brevity, confined this opinion to what we deem to be the controlling issues presented in the appeal and have pretermitted a discussion of issues presented by the parties in their briefs which we deem non-essential to the appeal under this record, since they will, in all probability, not arise in another trial of the case.

It follows, we think, that under above authorities, the judgment of the trial court must be reversed and the cause remanded for a new trial.

GRAVES, Justice (dissenting).

Through its opinion, reported in 228 S. W.2d 280, this Court reversed the judgment of the trial court in favor of the Appellee in this cause, and rendered judgment for the Appellant, T. & N. O. R. R. Co.; thereafter, the Supreme Court of Texas, through its opinion reported in 234 S.W. 2d 407, 408, reversed such prior judgment of this Court, and remanded the cause for further consideration of such points as had been originally raised by the Appellant in this Court as had not been brought within the jurisdiction of the Supreme Court on such appeal to it.

This Court accordingly, pursuant to such remand of the cause by the Supreme Court to it, heard arguments, both oral and written, from both parties, as being pursuant to the Supreme Court's recited order of remand.

This Court has now rendered its judgment and opinion, upon such directed reconsideration, in which it has reversed and remanded the cause to the trial court, through a majority opinion, this member dissenting.

The dissent proceeds from these, among other, considerations:

(1) The Supreme Court authoritatively took jurisdiction over its reaches to that extent, and settled the law of the case to be, that issues-of-fact were raised over (a) whether or not the Appellant was liable to the Appellee, (b) that the latter's pleadings were sufficient to support those issues, (c) that such issues were likewise raised over whether or not the Appellee acted as · a man of ordinary prudence would have acted under like circumstances, (d) that his pleadings were also sufficient to support that issue, (e) whether the Appellant's engineer was guilty of negligence in the way he approached the crossing, and finally, (f) that such like issue-of-fact was raised as to whether or not the Appellee had been guilty of contributory negligence in any respect.

(2) The record showing that the verdict of the jury below, on sufficient evidence, settled all the questions-of-fact so declared to exist by the Supreme Court in the Appellee's favor, no judgment obtained by him is reversible, unless some of the assignments of the Appellant below over which the Supreme Court did not acquire jurisdiction have been shown to involve prejudicial error in its favor.

(3) No such reversible error has been pointed out.

(4) Neither, it is concluded, should the Appellee's cross-assignment-of-error, contending that the trial court's requirement of the $8,000—remittitur was erroneous, be sustained.

(5) Wherefore, the trial court's judgment should be affirmed.