**HOT SPOT DETECTORS, INC., Appellant,**

v.

**FARMERS SUPPLY COMPANY OF HARTLEY, Texas, Appellee.**

**No. 7592.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 28, 1966.

Rehearing Denied April 4, 1966.

Simpson, Adkins, Fullingim & Hankins, Amarillo, Wayne P. Sturdivant, Amarillo, of counsel, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Harlow Sprouse, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

This is an action brought by Farmers Supply Company of Hartley, Texas, hereinafter referred to as appellee, against Hot Spot Detectors, Inc., hereinafter referred to as appellant, to recover the value of wheat that was alleged deteriorated as a result of the failure of appellant to properly install certain equipment purchased from appellant by appellee.

Appellee pleaded that appellant agreed in writing to design, manufacture, assemble and install a temperature measuring system for the purpose of measuring, detecting and reflecting the temperature of grain located in "A" Building and to install same in said building. Appellee further alleged that appellant knew appellee would depend and rely upon the use of the system so installed to determine and reflect the condition of the wheat that was stored in "A" Building. Appellee acknowledged and agreed there

was nothing wrong with the system nor the materials used in the construction if properly installed and it was relying solely upon the theory that appellant failed to properly install the system.

The case was submitted to a jury upon special issues. The right of appellee to recover herein is based solely upon the answers to the first three issues submitted to the jury and appellee made no objections to the submission of these issues nor the court's charge as to proximate cause. In answer to the first issue (a) the jury found the temperature detecting system sold by appellant was installed by the employees or servants of appellant acting within the scope of their employment; (b) that the employees installed the system in such manner that some of the cables did not reach the floor; (c) that such installation spoken of in subdivision (b) was negligent; (d) but that the manner of installation inquired about in subdivision (b) was not a proximate cause of the damages to the grain in appellee's building.

In answer to the second issue (a) the jury found that appellee purchased the equipment and the installation thereof for the purpose of detecting temperature changes caused by insect infestation in any significant portions of the grain; (b) that appellant at the time of the sale knew the purpose for which appellee was purchasing said equipment and installation; (c) that the equipment as installed was not reasonably fit for the purpose for which it was purchased; (d) that the unfitness as installed was not a proximate cause of appellee's damage. In answer to Special Issue 3 the jury found that the reasonable market value of the grain lost at the time of the loss as a result of the improper installation of the equipment in question was $11,139.60. There were several other special issues submitted but we do not believe they have any connection with this appeal.

The appellee presented its motion for judgment on the jury verdict. The appellant presented its motion for judgment on the jury verdict and also its motion for judgment non obstante veredicto, both of which were denied by the court. Judgment was granted in favor of appellee for the sum of $11,139.60. From that judgment appellant perfected this appeal.

The appellant presents this appeal upon two assignments of error as follows:

I.

"The honorable trial court erred in overruling appellant's motion for judgment for the reason that the jury's answers to special issues submitted in the court's charge do not as a matter of law support the judgment in favor of appellee.

II.

"The honorable trial court erred in refusing appellant's motion for instructed verdict and its motion for judgment non obstante veredicto for the reason that while the jury in response to special issues found that appellant impliedly warranted to appellee that the system sold to appellee was fit for a particular purpose and such warranty was breached, the appellee was judicially estopped or in the alternative was equitably estopped to deny the execution of a written contract which contained a valid and effective disclaimer of any implied warranties and which contract further contained a limitation on the liability of appellant."

■ It is true the jury held in reply to Special Issue 11 there was no written contract between the parties. We think such holding by the jury is contrary to the undisputed record in this case. The appellee's pleadings state there was a written contract and appellant contends there was one. There are admissions that there was a written contract and in fact copies thereof are shown in the record.

■ It is undisputed that appellant installed the system here involved and nothing was wrong with the system and appellee

contends the only thing that caused its damages was the negligence of appellant in installing the system. The appellee pleaded in its alternative pleading that appellant negligently designed, manufactured, assembled and installed the system here involved and that such acts of negligence were a proximate cause of the appellee's loss and damage. The case was submitted to the jury under this theory of the case of negligence on the part of the appellant. Appellee filed its motion for judgment upon the verdict of the jury contending that the jury had found that there was an implied warranty of fitness for the purpose of detecting temperature changes and that such implied warranty was breached and that the finding of proximate cause inquired about was not necessary. We believe the appellee was correct in stating that the trial court in granting judgment for appellee upon the verdict of the jury held that the issue as to proximate cause was an unnecessary issue. We cannot agree with such holding. Appellee contends the cables were to extend to the floor but this was contested by appellant. There was testimony that where the thermocouple cables were registering it would be more inclined to register a hot spot ten feet directly below than it would ten feet directly on either side of it. There was a device used for reading the reports given by the thermocouples. There was evidence introduced by appellant as to how often the reading device should be checked and the reading would be recorded to see at the next reading if there was any change. Appellee's general manager testified they would spot check but did not necessarily record it but knew it had to be recorded to find the trend. We think the jury could take into consideration the evidence introduced by appellant as to how often the appellee should have read the recording device and to record such readings in order to establish a trend and to establish the change in temperature, and the testimony of appellee's general manager showing this was not done, in arriving at the cause of the damage.

■ The mere showing of negligence alone will not justify holding the one guilty thereof liable for damages. The plaintiff must go further and allege and prove facts that show that the negligence of the defendant was the proximate, not the remote cause, of the resulting injury. Uvalde Const. Co. v. Hill, 142 Tex. 19, 175 S.W.2d 247 and the many cases there cited. It is stated in Clay v. Richardson, Tex.Civ.App., 38 S.W.2d 849 as follows:

"* * * where injuries either to the person or property of the complainant is the basis for the suit and the question of negligence or contributory negligence enters into the controversy, of course, proximate cause has its proper place."

It is stated in Texas Power & Light Co. v. Culwell, Tex.Civ.App., 19 S.W.2d 816 as follows:

"It necessarily follows, in our opinion, that appellant was guilty of such a breach of duty towards deceased that warranted the jury in finding it guilty of negligence. Because, however, the one sought to be made to respond in damages for an injury is shown to have committed a negligent act, does not complete the case and warrant a recovery. Plaintiff, in such an action, must go further and show that such negligent act was the proximate cause of injury."

This statement was approved by the Supreme Court at 34 S.W.2d 820 in which it reversed the holding of the Court of Civil Appeals on other points.

■ The appellant's conduct might be held the proximate cause of the damages only when the damages were the natural and probable result of its negligent acts. The jury in this case held the acts were not the proximate cause. We cannot say that the failure of the appellee, if it did so fail, to read the recording device as often as it should have and to record the same to determine a trend and change of temperature to learn whether there was a condition that should be checked to determine whether the

wheat had begun to heat, was not a proximate cause of the damage.

We are of the opinion, under this record and the findings of the jury, that the acts of appellant were not the proximate cause of appellee's damage; and that the trial court should have rendered judgment for the appellant.

Judgment of the trial court is reversed and rendered.