## F. C. BECK v. R. L. BROWNING.

No. 6818.  Decided February 17, 1937.
(101 S. W., 2d Series, 545.)

8

*King, Wood & Morrow, Vinson, Elkins, Sweeton & Weems, Newton Gresham* and *C. M. Hightower,* all of Houston, for plaintiff in error.

To constitute proximate cause, the element of reasonable foreseeableness must be present and where the undisputed evidence shows that a guest in an automobile being operated upon a state highway, goes to sleep, the driver of an approaching automobile can not reasonably anticipate that the guest will be asleep and will jump out in the path of his automobile when being suddenly awakened by one of his companions and seeing the approaching automobile with bright lights. City of Dallas v. Maxwell, 248 S. W. 667; Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 38 S. W. 162; Magnolia Pet. Co. v. Coke, 3 S. W. (2d) 139.

*Burris, Green & Benton,* of Houston, for defendant in error.

A person operating an automobile on the wrong side of an eighteen-foot roadway at from 45 to 50 miles per hour into the path of an oncoming automobile ought to reasonably anticipate that some injury will occur to the occupants of the oncoming automobile by reason of such conduct, and where such injury did occur by an occupant attempting to save himself from an impending collision the injury is the proximate result of the negligence of the driver of the approaching car. Bush Electric Light & Power Co. v. Lefevre, 93 Texas 604, 57 S. W.

641; Texas & Pac. Ry. Co. v. Watkins, 88 Texas 20, 29 S. W. 232; Carter v. Wells, 40 S. W. (2d) 725.

Mr. Judge German delivered the opinion of the Commission of Appeals, Section A.

Defendant in error, R. L. Browning, who will be designated plaintiff, instituted this suit in the district court of Harris County to recover of F. C. Beck, plaintiff in error, damages for personal injury. Plaintiff in error will be referred to as defendant. At the conclusion of plaintiff's evidence the trial court instructed a verdict in favor of the defendant. The judgment of the trial court was reversed by the Court of Civil Appeals, and the cause was remanded for another trial. 73 S. W. (2d) 626.

The testimony of plaintiff showed or tended to show that on the occasion in question he was riding in a Ford car along the highway at about 9:30 o'clock at night. The car in which he was riding was going south, on the west side of the road, at a slow rate of speed. Plaintiff was sitting on the back seat on the left-hand side, with two other parties on the seat with him. The car was being driven by Horace Buchanan, and another party was on the front seat with Buchanan. Defendant was driving his car at a rapid rate of speed, going north on the highway, on the west side thereof, and had unusually bright lights. Just prior to the accident plaintiff was sitting in a forward position, with his arms on the back of the front seat, and his head lying on his arms. He was either asleep or was dozing. While in this position he was suddenly startled by some one in the car making the remark, "Look out for those bright lights." The testimony further tended to support plaintiff's theory of liability which, as shown by his pleading, was as follows:

" * * When plaintiff raised his head from his arms and beheld extraordinarily bright lights on a vehicle approaching in a northerly direction the car in which plaintiff was riding in a southerly direction, the extremely bright lights on said vehicle approaching in said northerly direction being so powerful and so far over on the left side of the road plaintiff was then and there placed in a state of mental terror occasioned by the apparent imminent danger of being run into, on and against by the aforementioned oncoming vehicle, and plaintiff being then so greatly frightened and in apprehension for his safety and in sudden apparent peril acting upon the instinct of self-preservation without time for deliberation, did then and there make an effort to escape and avoid physical injury,

and plaintiff did then and there endeavor to extricate himself from the automobile in which he was riding and he then and there endeavored to jump from said automobile, and in his effort to get out of said automobile and before he had removed his body from said automobile, he placed his left hand forward in an effort to ward off the blow of the collision which seemed imminent, and in his endeavor to protect himself from the perilous position in which he had been placed by the hereinafter alleged negligent acts of defendant, he then and there placed his left hand forward and in so doing the automobile in which the defendant was proceeding in a northerly direction ran into, on and against the left hand and arm of the plaintiff, which had been so placed forward as above alleged, and plaintiff's said left hand went through the windshield of the automobile of defendant, and the plaintiff's hand was caught in the broken windshield of the defendant's car, and the plaintiff was dragged from the automobile in which he was riding and then and there the plaintiff fell to the pavement in an unconscious condition."

In the case of International & G. N. Ry Co. v. Neff, 87 Texas 303, 28 S. W. 283, the Supreme Court said:

"The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether."

See also 30 Texas Jur., pp. 690 to 692.

1 The principles governing liability in cases of sudden peril are: (1) The peril or alarm must be caused by the negligence of the defendant; (2) the apprehension of peril, from the standpoint of the injured person, must have been reasonable; (3) the appearance of danger must have been so imminent as to leave no time for deliberation; and, (4) in cases where the evidence raises an issue of negligence on the part of plaintiff, the negligence of plaintiff must not have concurred in bringing about a situation of peril, or contributed in creating the startled, dazed or confused condition of the plaintiff's mind.

2 We have carefully read and considered the entire statement of facts, and without discussing the testimony, will state it as our conclusion that there was sufficient testimony to raise

an issue of fact as to every element necessary to constitute liability on the part of defendant under the theory of imminent peril brought about by his negligence. While the evidence is meager upon the point, yet we believe it was sufficient to carry an issue to the jury as to whether or not plaintiff's movements which resulted in his coming in contact with defendant's car were the instinctive result of a feeling of fear and fright occasioned by the apparent danger to the car in which he was riding and to himself. In view of the fact that the evidence indicates that plaintiff had been asleep immediately prior to the accident, and in view of the unusual circumstance of his attempting to leave the car as alleged, we think there was an issue of fact raised as to whether or not his dazed and confused condition of mind was due in whole or in part to his sleepy condition, or some other cause, rather than to the apprehension of danger.

While not agreeing with the opinion of the Court of Civil Appeals in all respects, yet for the reasons stated herein the judgment of that court reversing and remanding the cause for another trial is affirmed.

Opinion adopted by the Supreme Court February 17, 1937.