### PHENIX DAIRY v. WHITE et al.
### No. 11494.

Court of Civil Appeals of Texas. Galveston.
Feb. 17, 1943.

Rehearing Denied March 25, 1943.

Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, C. A. Erickson, of Bay City, Wood, Gresham, McCorquodale & Martin and M. S. McCorquodale, all of Houston, for appellant.

Carter & Stiernberg, of Harlingen, Wm. A. Cline, of Wharton, and R. F. Peden, Jr., of Bay City, for appellees.

GRAVES, Justice.

Mrs. Vera White brought suit individually and as next friend for her five minor children, in the district court of Matagorda County, Texas, against The Phenix Dairy for damages for the death of her husband, Earl S. White, who was killed instantly, when the car he was driving collided with a truck operated by an employee of the Phenix Dairy.

The District Court originally ordered a mistrial upon the ground of irreconcilable conflict of the jury findings, (1) that the two Phenix Dairy truck-drivers, at the time of the collision, acted in an emergency not proximately caused by any negligence on their part, and (2) that the same drivers were guilty of negligence proximately causing the collision.

Pursuant to Article 1824, Vernon's Texas Civil Statutes, and Rule 383, Texas Rules of Civil Procedure, Mrs. White and children sought, by original application in mandamus to this court against the Hon. M. S. Munson, as Judge of the court below, the vacation of that order, on the ground that there was no such repugnance between those two sets of the jury's findings as rendered its verdict an improper predicate for the entry of a judgment; this court, after full hearing upon briefs and oral arguments from both sides of that controversy, issued the writ substantially as so prayed for, and directed the trial court "to set aside its order declaring a mistrial, to reinstate the jury's verdict, and to proceed to a further trial and to a judgment in such case."

That order was entered here under the name and style of White et al. v. Munson et al., as reported in 162 S.W.2d at page 429.

Since the opinion therein rather fully recites the material facts of the controversy over the validity of the jury's verdict, it is here referred to in further statement of the facts applying to the appeal now at bar in the same cause.

In compliance with that writ, the district court at its next regular term, on the 8th day of June of 1942, vacated its prior order so declaring a mis-trial, and reinstated the jury's verdict it had so formerly invalidated; it further—without the receipt of additional evidence—reconsidered and granted the motion of Mrs. White and children, as originally made there, for judgment in their favor upon the verdict of the jury as so formerly returned therein, allowing them a total recovery of $30,560 against the Dairy.

It now presents its appeal from that action.

After careful consideration of the present record, this court adheres to its decision in the cited mandamus proceeding, despite the appellant's attacks upon it herein, hence has re-examined the verdict as an entirety—together with the judgment so based upon it—as to whether or not there is reversible error in either.

In so doing, it is held that such former decision—of there having been no invalidating conflict in the two sets of findings declared upon by appellant as having that effect—is the law of this case in this court upon the record before presented here; indeed, that opinion, which, by paraphrase, undertook to apply the law of

sudden emergencies, as declared by the Supreme Court in Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545, to the individualistic facts here, is thought to have correctly construed and concreted that holding, and especially subdivision (4), par. 2, thereof, to the facts undisputedly appearing in this cause.

Wherefore, the appellant may not be relieved of liability under the verdict in this instance, insofar as its insistence is based upon such a claimed conflict.

There is, however, in this court's opinion, an infirmity in the verdict in another respect, in consequence of which it may not properly be allowed to stand, to-wit:

As recited in White v. Munson, 162 S.W. 2d at pages 430 and 431, the jury in this verdict found the appellant drivers Janssen and Pasak, between them, guilty of primary negligence in five specified particulars, but under special issue No. 4 it further found that Janssen at the time and place of the collision was not operating appellant's truck so that a portion of it extended over to his left of the centerline of the highway;

At the same time—through a number of inquiries—it refused to find the appellee's deceased husband, White, guilty of negligence eo nomine in any of many particulars alleged against him, but further, in answer to special issues Nos. 38 and 41, respectively, it found that White, immediately prior to the collision, was driving his car at a dangerous rate of speed, and that while so doing he turned his car to the left;

It is true that under succeeding issue No. 50—similarly to like findings as to appellant's driver, Janssen, as recited supra—it also found that immediately prior to the collision, White was not driving his car or a portion thereof on his left-hand side of the highway;

But, while in both instances under such issues 38 and 41, the jury found in answers Nos. 39 and 42 that White's so having driven his car at a dangerous rate of speed and in addition having turned it to the left at the same time was not negligence, the evidence fails to support these two exculpatory declarations under Nos. 39 and 42;

Indeed, the real bone of controversy on the facts of the whole cause got down to the question of "who side-swiped whom," as the appellees' brief succinctly states it; in turn, the solution of that ultimate and controlling issue of fact, in all the circumstances otherwise obtaining, came to depend, in large measure at least, upon which side the opposing drivers got over on their own wrong side of the highway—the undisputed evidence having shown that there was a side-swiping between White's and Janssen's cars, in which the left front part of White's car struck the left hind part of Janssen's car, knocking its left wheel off on that side so that the left hind axle thereof dragged along the ground;

This court is unable, after thoroughly searching the statement of facts, to agree with the appellees' statement in their brief upon this critical feature that, "not one of the truck-drivers testified that White drove his car over the center of the roadway and to the left of the center line"; on the contrary, at page 80 of the statement of facts, under questioning by the appellees' counsel, the appellant's witness, Janssen, by deposition, specifically swore that White pulled his car up upon the highway immediately before the collision, when his and Janssen's cars were only about 10 or 15 yards apart, and so drove it "just about 6 or 7 inches on my side of the road"; likewise, at the middle of page 78 of the statement of facts, this same witness for appellant, when asked whether he did not think White was going to hit him just before he got to him, answered: "No, sir, not just before he pulled over the black line."

Since appellant's three truck-drivers, Bell, Janssen, and Pasak, were the sole eye-witnesses to the collision who testified, and since the circumstantial evidence is so vague upon this crucial inquiry—it being obvious that one or the other of these opposing drivers did in fact get over on his own wrong side of the black line down the center of the highway—this court is constrained to hold that the jury's findings to the effect that White was not negligent in committing the derelictions they found him guilty of are so against the great preponderance of the evidence that they should not be permitted to stand.

It is true that, under 182, Texas Rules of Civil Procedure, the appellees were entitled to call as a witness this truck-driver of appellant, Janssen, in like manner as if he had been a party to the suit, and that they were not bound to accept all of his testimony as true; but still, in view of his reiterated positive testimony that White

did so encroach upon Janssen's side of the highway and the absence from the circumstances of any counter-vailing proof to the contrary, it is concluded that this court's exclusive authority should be exercised, and the cause reversed and remanded for a new trial.

It will accordingly be so ordered.

Reversed and remanded.