YOUNGER BROS., Inc., v. HIBBARD.

No. 11874.

Court of Civil Appeals of Texas. Galveston.

April 24, 1947.

Rehearing Denied May 8, 1947.

Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale and Sam W. Cruse, all of Houston, for appellant.

Sewell, Morris, McGregor & Sewell, of Houston, for appellee.

GRAVES, Justice.

N. W. Hibbard brought suit against Younger Brothers, Inc., for personal injuries received by him on or about April 25, 1945. The accident happened on the Houston-LaPorte Road in Harris County, Texas. Appellee Hibbard was riding as a passenger in a car driven by Oscar Channell, which collided with a truck owned and operated by appellant, Younger Brothers, Inc. Both vehicles were traveling in the same direction; it was a four-lane highway, and the accident occurred during daylight, with the weather clear.

Appellee Hibbard recovered original judgment, based on the jury's verdict fixing his damage at that amount, for the sum of $15,000.00. The trial court, on rehearing, required a remittitur of $4,500.00, and from this judgment as so reduced to the sum of $10,500.00 Younger Brothers, Inc., has appealed.

Appellant complains here only of the trial court's refusal to grant it a new trial, after its reduction of the judgment to $10,-500.00, on the sole grounds:

1. "The finding of the jury in answer to Special Issue No. 15, awarding Appellee, N. W. Hibbard, damages in the sum of $15,000.00, is excessive, is without support in the evidence, is against overwhelming preponderance of the evidence, and is so excessive as to show manifest sympathy, bias, and prejudice on the part of the jury."

2. "The findings of the jury in answer to Special Issues 1 through 14, are so against the overwhelming preponderance of the evidence that it is manifest that the verdict is the result of bias, passion, and prejudice, on the part of the jury."

Special issue No. 15 was the damage issue only, while issues 1 to 14, inclusive, were the negligence issues as affected the appellant, wherein the court fully submitted all questions of fact raised by the pleadings and the proof as to alleged negligence upon appellant's part against the appellee, all of which were answered in the latter's favor.

In several succeeding issues—Nos.16 to 26, inclusive—as to which appellant makes no complaint, the court inquired whether the collision was or not the result of an unavoidable accident, and further, in great detail, whether or not there had been any negligence, in any of the detailed ways set out in the pleadings and testimony, against the appellant, by the operatives of the car in which the appellee had been so riding at the time of the collision. All of these inquiries touching negligence were likewise answered in the appellee's favor, it being further found that no unavoidable accident had intervened.

Appellant thus, in its two quoted points, to which it so restricts its appeal, invokes the exercise by this court of its exclusive authority to set the verdict and judgment aside (Phœnix v. White, Tex.Civ.App., 169 S.W.2d 492, w.e.r.wom), upon the sole ground that they were so against the overwhelming preponderance of the evidence as to be clearly wrong—its ultimate insistence to that effect being that the jury's findings that appellant was negligent and that appellee had suffered damages to the extent of $15,000.00 were so utterly lacking in any probative evidence to support them as, perforce, to show that they were manifestly the result of bias, or some other improper motive, and not at all in response to the evidence.

After careful examination of the statement of facts, this court is unable to agree with the appellant; hence it cannot exercise that authority in the circumstances appearing here, and thereby nullify the trial court's entire action; to the contrary, it is constrained to hold that the requirement of the $4500.00 remittitur cured any alleged error the jury might have committed in fixing the appellee's damages as having resulted from the accident at the higher sum of $15,000.00.

It becomes unnecessary for this court to determine whether there was any such claimed excessiveness in the $15,000.00 award, since it determines that the evidence sufficiently, at all events, supported the $10,500.00 amount so finally allowed below as to remove from this court the authority to set it aside.

█ Consequently, without undertaking a detailed resume of the testimony, which would be supererogatory, it is held to have been sufficient to support the overall findings: (1) that the appellee sustained a serious personal injury, which resulted in a permanent incapacity that—in reasonable probability, at least—materially reduced his earning capacity for the balance of his life, as well as to likewise entail permanent physical pain and suffering upon him, in addition to that he had already endured up to this trial; (2) that, although he was 65 years of age at the time of his injury, he then still had reasonable expectation of being able to earn in the future—for some 5 to 10 years—approximately $3000.00 per year, whereas, since his injuries, his earnings as a result thereof had been greatly less than that; (3) in addition to such indicated loss of earnings and visitation of sufferings, that the effects of the injury had been severe, if not extreme, for several weeks after the collision; that he had during that period been compelled to wear a wooden cross, strapped upon his back, day and night; that he had been knocked unconscious from the car he was riding in, remained in that condition until he came to in a hospital, where it was found that his head and shoulder had been cut open to the extent of requiring sutures to close them; that his eyesight had been seriously affected, that his right shoulder appeared to have been permanently displaced downward, and that his usual general strength had been greatly reduced by these resulting conditions.

It is deemed unnecessary, as indicated, to descend to further particulars, since the doctors, the appellee's wife, and others added to his own recital as to his condition, to the extent that this court is unable to feel any shock of conscience over allowing the $10,500.00 sum so awarded him as reasonable compensation to stand. Younger Bros. v. Marino, Tex.Civ.App., 198 S.W.2d 109, w.e.r., nre.

█ Even had it been excessive, that alone would not have required the setting aside of the jury's verdict on special issues, where it is held not to have been against the overwhelming weight of the evidence; Galveston, H. & S. A. Ry. Co. v. Craighead, Tex.Civ.App., 175 S.W. 453 and 1199.

Since appellant does not go into the other issues and questions of fact the trial court very thoroughly developed during the trial, they are not involved upon this appeal; for instance, there is no challenge whatever of the sufficiency of the evidence to sustain all the detailed findings under cited issues 17 to 26, inclusive, that there was no negligent operation in any particular of the car in which the appellee had been riding; whereas, on the other hand, a jury, on what this court must deem from its study of the record to have been sufficient testimony, found that the appellant's driver suddenly, without warning of any sort, or even looking behind or to his side to determine whether there was anything in the way, turned appellant's car to the left, attempting to run into a gateway on that side of the highway, and that that act alone caused the collision.

That finding is the key to the controversy, and this court is unable to, in the face of the demonstration of it so made by the record, hold that the trial court and jury were not in the exercise of their proper functions in so determining.

Wherefore, it is concluded that both of appellant's stated points of error must be overruled, and since, in any event, this court deems the amount to which the recovery was so reduced not unreasonable, or excessive, the judgment must be affirmed.

Affirmed.