## ADDISON GOOLSBEE V. TEXAS &
## NEW ORLEANS RAILROAD COMPANY.

No. A-3192. Decided October 17, 1951.
Rehearing overruled November 28, 1951.
(243 S. W., 2d Series, 386.)

*Combs, Brown & Brock* and *Warner F. Brock,* all of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the Supreme Court had held that the controlling questions presented were whether petitioner had made out a case of liability under the doctrine of imminent peril, when the doctrine of imminent peril is never invoked except to excuse one who is contributorily negligent, and the Supreme Court had already held that the issue of petitioner's contributory negligence presented a jury question and was resolved in favor of petitioner. Foster v. Woodward, 134 S.W. 2d 417; Beck v. Browning, 129 Texas 7, 101 S.W. 2d 545; Jackson v. Galveston, H. & S. A. Ry. Co., 90 Texas 372, 90 S. W. 745.

*Curtiss Brown, Raymond L. McDermott, Baker, Botts, Andrews & Parish,* all of Houston, for respondent.

In reply to petitioner's proposition, respondent cites, International-Great Northern Railroad Co. v. Neff, 87 Texas 303, 28 S.W. 283; Uvalde Const. Co. v. Hill, 142 Texas 19, 175 S.W. 2d 247; Carey v. Pure Distributing Co., 133 Texas 31, 124 S.W. 2d 847.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

For a full statement of this case reference is made to three opinions, cited below, which have been written therein.

Petitioner, Addison Goolsbee, a fireman on a locomotive, was awarded damages for personal injuries sustained by him when he leaped from the window of his cab. His apprehension of peril which caused him to leap was brought about by his observation of the behavior of the engineer with whom he worked, rather than by his observation of the negligent acts of respondent's employees. Upon the verdict of the jury in answer to many special issues, judgment was rendered for petitioner. That judgment was reversed by the Court of Civil Appeals and judgment rendered that petitioner take nothing. Texas & N. O. R. Co. v. Goolsbee, 228 S. W. 2d 280. Its opinion was grounded on the conclusion that, as a matter of law, petitioner's injuries resulted from an intervening agency for which respondent was not responsible, or stated differently, that the negligence of respondent's employees was not the proximate cause of petitioner's injuries. The case was brought here by writ of error and the judgment of the Court of Civil Appeals was reversed by this court upon our holding that a jury question was presented on the issue of proximate cause, which had been resolved in favor of petitioner in the trial court. Since there were assignments presented in the Court of Civil Appeals which were not considered by it, some of which raised questions not within the jurisdiction of this court, we remanded the case to that court for further consideration. 149 Texas 446, 234 S. W. 2d 407.

Upon a second consideration of the case the Court of Civil Appeals, one of the justices dissenting, reversed the judgment of the trial court and remanded the case for a new trial. 238 S. W. 2d 250. We again granted petitioner's application for writ of error, and the case is now before us for final determination of the question of whether to permit the case to stand remanded or to affirm the trial court's judgment. We have concluded that the trial court's judgment should be affirmed.

In its opinion, after the case was remanded to it by this court, the majority of the Court of Civil Appeals interpreted our former opinion to hold: "that proximate causation was not the controlling issue in this case but that the controlling questions presented in the appeal were whether appellee had made out a case of liability under the doctrine of imminent peril, as established in the cases of International Great Northern Railroad Co. v. Neff, 87 Texas 303, 28 S. W. 283, and Beck v. Browning, 129 Texas 7, 101 S. W. 2d 545." We cannot accept that interpretation of our opinion.

■ Much is written in the briefs on the subject of "Liability under the doctrine of imminent peril." It is respondent's theory that "the doctrine of imminent peril is a principle or basis of liability." An expression in this court's opinion in Beck v. Browning, 129 Texas 7, 101 S. W. 2d 545, seems to lend support to the view that the doctrine of imminent peril is a basis of liability. While we fully agree with the decision in that case, we are unwilling to accept respondent's theory as an established principle in this court. The doctrine of imminent peril is one which may be invoked to relieve a party of the consequences of his conduct, which otherwise would be held negligent. It is most often invoked as a defense to a charge of contributory negligence. International & G. N. R. R. v. Neff, 87 Texas 303, 28 S. W. 283; Jackson v. Galveston, H. & S. A. Ry., 90 Texas 372, 38 S. W. 745; Fort Worth & D. C. Ry. v. Kimbrow, 131 Texas 117, 112 S. W. 2d 712; Foster v. Woodward, 134 S. W. 2d 417, error refused. But it properly may be invoked as a defense to a charge of primary negligence. Dallas Ry. & Terminal Co. v. Young, 155 S. W. 2d 414, error refused; Schroeder v. Rainboldt, 128 Texas 269, 97 S. W. 2d 679, 684 (approval of lower court's holding permitting submission of issues on defendant's sudden emergency). In either instance it is invoked to lower the legal standard of care which a party must exercise to the point where conduct which otherwise might be regarded as negligent or contributorily negligent is not so regarded.

■ In this case the jury found that three different acts of respondent's employees were negligent and that each act of negligence was a proximate cause of petitioner's injuries. The jury further found in answer to a number of special issues that petitioner had committed no act of contributory negligence and that his injuries were not the result of an unavoidable accident. In the usual tort case those findings would support a judgment for the plaintiff. We did not intend to hold in our former opinion that they would not support a judgment for

petitioner. In this case the trial court submitted numerous additional issues inquiring whether or not petitioner and the engineer acted in an emergency; whether they became terrorized; whether petitioner's terror was reasonable; whether his act in jumping was reasonable; and whether the terror of the engineer was the sole proximate cause of petitioner's injuries. Had those issues been answered unfavorably to petitioner, there would be presented for decision the question of whether judgment could be rendered for the petitioner on the verdict, but since the answers to all of the issues on emergency are in harmony with the answer of the jury that respondent's negligence was a proximate cause of petitioner's injuries, they afford no ground for denying petitioner a judgment on the answers to the usual liability issues of negligence and proximate cause. By our holding in our former opinion that the facts presented a jury question on the issue of proximate cause we intended to decide the controlling issue in this case.

The Court of Civil Appeals in its opinion stated that it had considered all other points of error presented in the briefs of the parties and found no reversible error, except that pointed out in its opinion. We have examined the briefs and agree with the Court of Civil Appeals that none of the remaining points presents reversible error, but we feel that the principal points should be mentioned.

■ In the charge the court defined "emergency" as follows:

"By the term 'emergency', as used in this charge, is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission of the person in question and which calls for immediate action on his part and without time for deliberation."

The objections thereto are overruled. This definition has been approved by this court. Schroeder v. Rainboldt, 128 Texas 269, 97 S. W. 2d 679, which approves the definition as set out in the opinion of the Court of Civil Appeals in that case.

■ Error is assigned to the refusal of the trial court to submit two special issues requested by respondent as follows:

"SPECIAL ISSUE NO. N.

"Do you find from a preponderance of the evidence that such apprehension, if any, was sufficient to cause Addison Goolsbee to lose his power to act voluntarily and deliberately?"

"SPECIAL ISSUE NO. W.

"Do you find from a preponderance of the evidence that the act of Addison Goolsbee in jumping from his engine was a voluntary one?"

The court did not err in refusing to submit those issues. The charge submitted issues on the question of whether Goolsbee acted in an emergency and related issues which comprehended the subject matter of the requested issues.

■ In the court's charge sole proximate cause is defined as follows:

"By the term 'sole proximate cause', as used in this charge, is meant the only proximate cause, and if there is more than one proximate cause of an event then no single proximate cause can be the sole proximate cause thereof."

We find no fault with the definition and overrule the objections thereto.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Associate Justice Calvert not sitting.

Opinion delivered October 17, 1951.

Rehearing overruled, November 28, 1951.