Jeff GRAHAM et al., Appellants,

v.

Dillard C. MORRIS et al., Appellees.

No. 7239.

Court of Civil Appeals of Texas.

Amarillo.

March 18, 1963.

Rehearing Denied April 22, 1963.

Cade & Bowlin, Lubbock, for appellants.

Huff & Bowers, Lubbock, for appellees.

DENTON, Chief Justice.

This is a suit for property damage and personal injuries which arose out of a collision between a truck owned by Jeff Graham and being driven by his employee, Luther Bourns, and a tractor-drawn cotton trailer owned by Dillard C. Morris and being operated by his son, Jerry Morris. Upon a jury verdict judgment was rendered for plaintiffs, and defendants have perfected this appeal.

Jerry Morris was driving the tractor with an attached cotton stripper pulling a cotton trailer in a southeasterly direction on the highway between Post and Slaton in Garza

County, Texas. The front wheels of the tractor were at the edge of the righthand lane of pavement, leaving the left rear wheels of the tractor and the trailer some three to four feet on the paved highway. The right wheels of the tractor and trailer were approximately the same distance off the pavement onto the shoulder. Appellant's truck was proceeding in the same direction in the righthand lane when it collided into the rear of the trailer.

The jury found Jerry Morris suffered personal injuries in the amount of $42,-500.00; past and future medical and doctors' expenses to be $2,787.45; and the damages to the trailer, cotton stripper and tractor to be $3,662.45. The jury further found appellant's truck driver was negligent in driving at an excessive rate of speed; in failing to keep a proper look out; in failing to keep his vehicle under proper control; in failing to turn to the left in order to avoid the collision; in failing to sound his horn or give other warnings; and that he was not acting in an emergency. Each of the above acts of negligence was found to be a proximate cause of the collision. In response to several special issues, the jury found Jerry Morris had committed no act of contributory negligence, and that his injuries were not the result of an unavoidable accident. In accordance with the findings of the jury, the court entered judgment against the defendants in the amounts set out above.

■ Appellants' first four points of error deal with the refusal of the trial court to allow the appellants to file a trial amendment, and his refusal to give special requested issues and instructions in connection therewith. The trial amendment alleged the plaintiff below was operating a trailer twenty feet long and that a trailer of such length was a violation of the law and, as such, was negligence per se. In support of their position, appellants rely on the provisions of Article 6701d, Section 106, Vernon's Ann.Civ.St. This section of the article pertains to the limitations of trailers being driven upon the highway. This section prohibits the drawing or having attached to a motor vehicle more than one vehicle, such as a trailer, semi-trailer or pole trailer, and then continues, "provided, however, that there may be attached to motor vehicles used exclusively in the actual harvesting of perishable fresh fruits and vegetables not to exceed two (2) trailers under the following conditions: (5) No one harvesting trailer shall exceed seventeen (17) feet, nine (9) inches in length, nor shall any combination of two (2) trailers and motor vehicle, as provided herein, exceed fifty-five (55) feet over-all length." Appellants' contention that the above statute is applicable here is based on the following: 1. The trailer of appellees was admittedly twenty feet long; 2. The trailer was used for the purposes of hauling seed cotton from the field to the gin; and 3. That cotton is a vegetable. Appellants have cited no case and we have found none which holds that cotton is a vegetable. Although we are aware of the fact modern scientific research has found uses of cotton seed by-products as ingredients in edible food stuffs, we are not prepared to hold seed cotton in its original state is a vegetable. We are impressed with counsels' ingenuity, but we find no legal basis upon which to support this contention.

■ Appellants next contend the trial court erred in overruling its motion for pre-emptory instruction. This motion was based on the ground the appellant's truck driver was confronted with an emergency as a matter of law, and that appellee's trailer was in violation of Article 6701d, Section 106, as mentioned above. We think our discussion above adequately disposes of the second ground for the motion for pre-emptory instruction. Appellant contends the emergency facing the truck driver was an approaching automobile from the opposite direction which prevented his turning left to avoid the tractor-trailer. To sustain this position we must hold there is no evidence to the contrary. The record does not support such a conclusion. This

defense of emergency is available only so long as such condition was not created by such party's own negligence. Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545. Sam v. Sullivan, (Tex.Civ.App.), 189 S.W. 2d 69. Booker v. Baker, (Tex.Civ.App.) 306 S.W.2d 767, (Refused, NRE).

Appellants pleaded that the emergency arose due to the oncoming automobile, and an issue on emergency was submitted to the jury along with an approved definition. The jury answered this issue in the negative, and we are of the opinion there was ample evidence to support this finding. Several witnesses, including the driver of the oncoming car, placed this car from one-fourth to one-half mile from the point of the collision. The jury's finding that the appellant's truck driver was not confronted with an emergency was consistent with their other findings that his negligent acts were the proximate cause of the collision. Appellants' fifth point of error is overruled.

■■ In submitting special issues concerning various alleged acts of the appellant's truck driver, the trial court used the phrase "at the time and on the occasion of the collision in question". Appellants take the position the issues as worded constitutes a comment on the weight of the evidence. In connection with appellants' defensive issue of emergency, the argument is that in as much as the issues directed the jury to the acts of appellant "at the time" of the collision it had the effect of precluding the jury from considering his conduct prior to the time he got into the perilous situation. First, we do not think the phrase complained of has such a connotation. The phrase is broad enough to include the time leading up to the collision in question. To interpret it otherwise would constitute a technical and strained construction. It is further noted the defense of emergency is available only if the party claiming it did not create the condition by his own acts of negligence. Beck v. Browning, Supra. The jury found that several acts of the appellant's truck driver

were negligent and the proximate cause of the collision. These findings were consistent with the finding appellant was not acting in an emergency "just before and at the time of the collision". This quoted language of the emergency issue itself is consistent with our holding. Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386. This case also approved an almost identical definition of "emergency" as was used in the case at bar. Appellants' points of error six through ten are accordingly overruled.

■ Among the several definitions and instructions given to the jury, the trial court instructed them relative to the necessity of a motor vehicle being equipped with a horn. This instruction was in the language of Article 6701d, Section 133(a), Vernon's Ann.Civ.St. An issue was submitted concerning the failure, if any, of the appellant to use his horn. Although the issue was raised by the pleadings, appellant contends the instruction was a comment on the weight of the evidence. Rule 277, Texas Rules of Civil Procedure, authorizes the trial court to submit such explanatory instructions and definitions as shall be necessary to enable the jury to properly pass on special issues. In our opinion the instruction was not subject to appellant's objection. However, it would not have been error if the instruction had been omitted. Assuming such instruction was improper, the error would be harmless. Independent of this instruction and the special issue in connection therewith, the jury's findings included negligence on the part of the appellant on other grounds that proximately caused the collision complained of. These later findings could not have been influenced by the instruction. We, therefore, think no prejudice to the rights of the appellant is shown. Dallas Railway & Terminal Co. v. Orr, (Tex.Civ.App.), 210 S.W.2d 863, (Affirmed by the Supreme Court in 147 Tex. 383, 215 S.W.2d 862). However, this question was not discussed. Texas & Pac. Ry. Co. v. Duncan, (Tex.Civ.App.), 193 S.W.2d 431. Coca-Cola Bottling Co. v. Krueger, (Tex.

Civ.App.), 239 S.W.2d 669. Rule 434, T.R.C.P.

■ Appellant next charges appellees' counsel with improper jury argument. The complete arguments are not in the record, but only the portions complained of are set out in the three bills of exception. From them it can be determined the argument was a reference to the appellant's truck driver's statements he made to witnesses at the scene and a reference to argument made by appellant's counsel concerning the manner appellee was driving the tractor along the highway. The burden is on the complaining party to show the improper argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. Stephens v. Mendenhall, (Tex.Civ.App.), 287 S.W.2d 259, (Refused, NRE). King v. Miller, (Tex.Civ.App.), 280 S.W.2d 331, (Refused, NRE). It is well established that in order for an argument to present reversible error the argument must not only be improper, but such argument must be calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Railway & Terminal Co., supra. Most of the cases relied on by appellant were announced prior to the Aultman case which materially changed the burden required in these cases.

The most questionable argument is as follows:

"It hasn't been but ten minutes ago you heard what he said about pulling a trailer on there. Whatever it is that's what it is. I can't change it. Jerry Morris had just as much right on that highway as Jeff Graham's biggest truck, or the biggest trucking outfit in the world, because he happened to be a farmer doesn't mean you have to get down there in the bar-ditch like that truck triver said you should. You red blooded tax paying citizens have got just as much right to use that highway as anybody. You don't even have to get four feet off of it. You are not violating the law when you get out here on the highway that your tax dollars have built. Driving in the broad daylight. Working and making an honest dollar.

"MR. CADE: Your Honor, we object and except to those remarks. They are highly inflammatory and prejudicial, and not in answer to any argument I made because I made no such contention, and we move the Court to instruct the jury not to consider those remarks."

When this and the other arguments complained of are considered with the record as whole, we cannot say they are sufficient to constitute reversible error. In our opinion the arguments were not of such a nature as to influence the jury to return a verdict it would not have otherwise returned.

■ Appellants next urge that the verdict is excessive. The jury awarded $42,500.00 damages to Jerry Morris for personal injuries in addition to $2,500.00 for future medical and hospital expenses. No attack is made on the damages awarded for the tractor, cotton stripper and trailer. In deciding this question, it must be determined whether the award is fair and reasonable under the facts of the case. Where this court determines a jury verdict is excessive, Rule 440, T.R.C.P., authorizes us to require a remittitur to reduce the verdict to reasonable compensation for the injuries actually suffered.

Jerry Morris received his injuries on November 17, 1960, when he was twenty years of age. He was hospitalized for a period of three days immediately following the collision. When the case was tried in March of 1962, he had been examined and treated by two doctors and had been examined by a third doctor. These three doctors testified at the trial, and as is so often the case, their testimony was in conflict in several respects. All agreed an injury had been sustained to Jerry Morris' back but the degree of injury was the primary dispute. Doctors Tubbs and Tull called by appellees found a dislocated vertebra that had slipped

forward, causing a curvature of the spine to the extent that the vertebrae may become fused in the future. On the other hand, Doctor Loveless, who testified for the appellants, stated that in June of 1961, he found muscle spasm in Morris' back. He described the injury as a back sprain, and testified it was not of a permanent nature. Aside from the medical testimony, there was other testimony offered. After the family doctor had treated Morris for approximately three months, he was advised he could go back to work. He then continued to drive a tractor and to perform general farm duties. This same type of work was performed up to the time of the trial. There is no evidence that his earning capacity has been materially impaired. During the interval between the time of the collision and the trial, Morris had married and had cultivated a cotton crop of his own in 1961. Some witnesses testified of a marked difference in the manner Morris was able to work and carry himself after the accident. Other witnesses testified they detected no difference. Two co-workers testified he had made no complaint to them.

It is apparent Jerry Morris received a severe blow when his tractor and trailer were struck from the rear and thrown several feet into the bar ditch. He obviously received an injury to his back that has been and will continue to be painful, but when this whole record is considered, we are convinced the jury's finding was excessive. After considering all of the evidence, we are of the opinion that the award in answer to special issue twenty-four is excessive by the sum of $20,500.00.

■ In answering special issue twenty-three, the jury found the medical and hospital bills incurred since Jerry Morris reached his twenty-first birthday on June 21, 1961, and all such future bills which would reasonably be incurred amounted to $2,500.-00. The record shows the sum of $134.00 has been charged for medical and hospital expenses from the 21st day of June, 1961, up to the date of the trial. The only evidence offered on the question of future medical expenses was from Doctor Tull to the effect expensive drugs may be required and "Oh, he could easily take a hundred dollars a month. Of course, he could take much more." This is very indefinite and the conclusion is not supported by the history of the case for the sixteen months immediately after the injury had been sustained. We therefore conclude this award was excessive by the sum of $1,500.00.

■ Therefore, because of such excessive awards, this Court is under a duty to reverse and remand this case unless appellee, Jerry Morris, files a remittitur in the total amount of $22,000.00 within fourteen (14) days after the date of this opinion. In the event such remittitur is filed, the judgment of the trial court will be reformed and affirmed to conform with the holding stated in this opinion.

On March 29, 1963, appellee, Jerry Morris, filed a remittitur of $22,000.00 in compliance with the suggestion of remittitur by this Court's decision of March 18, 1963. The judgment of the trial court will be reduced by the amount of such remittitur, and as so modified, the judgment of the trial court is affirmed.

Affirmed.