William H. HIGGINBOTHAM, Appellant,

v.

H. C. RITCHIE, Appellee.

No. 16413.

Court of Civil Appeals of Texas.
Fort Worth.

April 19, 1963.

Crumley & Hooper, Roswald E. Shrull and R. E. Rouer, Fort Worth, for appellant.

Aultman & Riley, Fort Worth, for appellee.

MASSEY, Chief Justice.

In view of the rather confused state of the holdings relative to the doctrine of "sudden emergency" or "imminent peril" as recognized in Texas, we believe it advisable to first state our own interpretation of the law before passing upon the points of error presented by the appellant.

An approved definition is as follows: " 'By the term "emergency", as used in this charge, is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission of the person in question and which calls for immediate action on his part and without time for deliberation.' " Schroeder v. Rainboldt, 1936, 128 Tex. 269, 97 S.W.2d 679, approving the holding of the Court of Civil Appeals; Goolsbee v. Texas & N. O. R. Co., 1951, 150 Tex. 528, 243 S.W.2d 386. In the first case the doctrine of "sudden emergency" was invoked by the defendant, in the second the doctrine was invoked by both parties. The only purpose of the doctrine is to relieve a party from the consequences of his conduct which would otherwise be negligent. Goolsbee v. Texas & N. O. R. Co., supra.

The principles governing the applicability of the doctrine are: (1.) The circumstances constituting the condition of peril or alarm, in instances where the plaintiff seeks to excuse his own subsequent negligent conduct, must have been caused by the negligence of the defendant as the opposite party; and in instances where the defendant seeks to excuse his subsequent negligent conduct the condition must have been created in some way other than by his own tort; (2.) the apprehension of peril, from the standpoint of the party seeking to excuse his acts (of omission or commission) thereafter occurring—in the event they might be deemed negligent absent an excuse —must have been reasonable; (3.) the appearance of danger so apprehended must have been so imminent as to leave no time for deliberation; (4.) in cases where the evidence raises an issue of negligence as applied to the acts thereafter occurring on the part of him who would seek to invoke and excuse the same under the doctrine, he is obliged to establish that his negligence, if any, did not (a) concur in bringing about the perilous situation,—or did not (b) contribute to the creation of the startled, dazed, or confused condition of his mind. Beck v. Browning, 1937, 129 Tex. 7, 101 S.W.2d 545.

In the authority cited, Judge German, Commissioner, stated the rule somewhat more narrowly since he was viewing it as properly invoked by a plaintiff bringing the suit. He declared that the "emergency" must be caused by the negligence of the opposite party if the plaintiff is to have his own subsequent negligent conduct excused. This belief is obviously founded in the theory that a plaintiff's subsequent negligent conduct is excusable *only* as against a defendant whose "negligence" furnished the reason and occasion for a necessity that plaintiff act in an "emergency", and *not excusable* as against another or others who were not negligent. Here we have stated that a defendant, who invokes the doctrine to excuse his negligent acts after a condition of "emergency" has arisen, is entitled to escape the imposition of liability upon him to pay damages whether it was a condition created by the plaintiff, by the unexpected operation of a natural force, or by the innocent or wrongful act of some third

person. Dallas Ry. & Terminal Co. v. Young, 1941 (Tex.Civ.App., Eastland), 155 S.W.2d 414, error refused. In this we are in accord with the declarations in Restatement of the Law, Torts, p. 796, "Negligence", sec. 296, "Emergency", although it would appear therefrom that in most jurisdictions there would be no difference in application of the "sudden emergency" doctrine to a plaintiff or a defendant who seeks the benefit thereof.

■ "Sudden emergency" does not arise unless negligent conduct on the part of him who would excuse it is first established, and only then as to conduct following the emergency. If the party attempting to invoke the doctrine is negligent before a "sudden emergency" arises, the doctrine is not applicable since it cannot be used by a person whose negligence helped create the situation.

In the instant case it was the defendant who sought to invoke the doctrine of "sudden emergency" to excuse negligence found by the jury to the effect that he, the defendant, failed to keep a proper lookout, which failure was a proximate cause of the collision. The jury also found that immediately prior to the collision in question the defendant was confronted with an emergency, i. e., "a condition arising suddenly and unexpectedly and not proximately caused by the negligent act or acts, if any (of said defendant), which called for immediate action on his part without time for deliberation"; with the further finding made that "after the emergency, if any, arose (defendant), did all that an ordinarily prudent person would have done under the same or similar circumstances". Other answers of the jury acquitted the plaintiff of any negligence amounting to a proximate cause of the collision. The jury found that the driver of the automobile in which the plaintiff and his wife were passengers failed to give a proper hand signal of his intention to stop, or the fact that he was stopped, immediately prior to the collision, and which failure amounted to negligence. The jury

answered in the negative, or "No", to the conditionally submitted special issue inquiring whether said negligence on the part of plaintiff's host was the "sole cause" of the collision, and no issue was submitted inquiring as to whether his negligence amounted to a "proximate cause".

The collision was one where the automobile in which plaintiff and his wife were passengers was brought to a stop in the traffic lane immediately ahead of the defendant. The defendant failed to bring his automobile to a stop in time to avoid colliding with the rear of that in which said persons were riding. From the evidence in the record it is apparent that defendant, upon suddenly discovering that the vehicle in front of his own was stopping, or stopped, did nothing other than to try to bring his own automobile to a stop in time to avoid the collision.

■ Our opinion, in light of the whole record, is that the defendant's failure to keep a proper lookout, which the jury found to have constituted a proximate cause of the collision, necessarily occurred prior to the time there could have been any startled, dazed, or confused condition of his mind. Indeed we can find nothing in the record which indicates that there was any alternative course or courses of action open to the defendant upon his discovery that a collision was imminent, of which one or more of the alternatives would, if adopted, constitute negligence, with another, or others, being non-negligent. Therefore there is no question but that any failure on the part of the defendant to keep a proper lookout necessarily related to a time prior to the occurrence of the circumstances he contends amounted to a "sudden emergency". That being true there was no evidence of "sudden emergency" and the defendant was not entitled to invoke the doctrine.

More could be said but to do so would appear pointless for every approach would ultimately lead either to the conclusion that "sudden emergency" was not in the case, or that in any event the jury's finding of

"sudden emergency" was so against the preponderance of the evidence as to be clearly unjust. Furthermore, our conclusion is that there was no negligent conduct on the part of the defendant after what was contended to amount in law to an "emergency". Therefore there was no negligence to be excused in any application of the doctrine. The negligence of the defendant, found by the jury to have been a proximate cause of the collision, was antecedent and caused, or concurred in causing, the perilous situation as well. Additionally, even if the jury findings on "emergency" are accorded any validity, it is evident that they conflict with the jury finding of negligence on the "lookout" issues.

The judgment must therefore be reversed.

The jury found a total amount of $512.00 as the reasonable charge for hospital, doctor bills, and medical services, past and prospective, necessarily incurred or to be incurred in the treatment of injuries to plaintiff's wife directly and proximately resulting from the collision. However, in answer to the issue inquiring as to what sum of money, if paid now in cash, would fairly and reasonably compensate plaintiff for the injuries sustained by his wife as the proximate result of the collision, the jury returned the answer: "None".

 We find from the whole record that the negative answer so returned by the jury in reply to the damage issue was against the great weight and preponderance of the evidence and clearly unjust. For that reason the judgment, at least in so far as the amount of damages is concerned, cannot stand. It is the plaintiff's contention that in the event we agree with his contentions relative to the liability in the case, which we have, that proper action on our part would be to render a judgment in his behalf in the amount of $512.00 based upon the jury findings on expenses, and to direct a retrial only on the issue of the amount of damages which plaintiff should recover.

We do not believe that a trial of the amount of damages due a plaintiff by reason of a single negligent tort on the part of a defendant should be severably tried, or at least that the instant case would be one in which such would be proper. Here the defendant is resisting the claim of the plaintiff both upon the matter of liability and the amount of damages. The jury or other trier of the facts should in all fairness have the entire case before it in reaching decisions to be made on the issues involved. 4 Tex.Jur.2d, p. 459, "Appeal and Error—Civil", sec. 874, "Severability of judgment or issues".

Judgment is reversed, with the cause remanded for a new trial.