**Elton Lee RATLIFF, Appellant,**

v.

**Jewell HOLLEY, Appellee.**

**No. 4531.**

Court of Civil Appeals of Texas, Eastland.

June 16, 1972.

Rehearing Denied July 14, 1972.

Schulz, Hanna & Burke, Bob Hanna, Bruce Evans, Abilene, for appellant.

Pope, Dickenson, Batjer & Glandon, Robert D. Batjer, Jr., Abilene, for appellee.

COLLINGS, Justice.

Elton Lee Ratliff brought this suit against Jewell Holley for damages arising out of the collision of an automobile with plaintiff, a pedestrian, on the streets of the city of Abilene. The case was submitted to a jury on special issues and it was found by the jury that on the occasion of the accident Jewell Holley failed to turn off the ignition switch before leaving her automobile parked at the curb; that she failed to put the vehicle in neutral after parking to the curb, and that such failure to leave the vehicle in neutral and to turn off the ignition switch before leaving the car were not acts of negligence. Over timely objection the court included instruction on "sudden emergency" and "unavoidable accident" in its charge to the jury. Based upon the findings of the jury the trial court entered judgment that Elton Lee Ratliff take nothing. He has appealed from this judgment.

The record shows that on or about the evening of January 15, 1971, Mrs. Jewell Holley drove a 1968 Chevrolet automobile with an automatic shift to a domino hall on Chestnut Street in the city of Abilene to pick up her husband. After she arrived at the domino parlor, her husband and a Mr. Moore came out and sat in the car. Both her husband and Mr. Moore had been drinking. Shortly thereafter, Mrs. Holley's husband and Mr. Moore got out of the car and went to where a Mr. Huddler who had also come out of the domino parlor was standing. The men were arguing and there was some scuffling, but no one was hit and no weapons appeared or were used.

The accident occurred on Chestnut Street in the city of Abilene. Mrs. Holley was parked headed into the curb. The street sloped down toward the curb from the middle of the street and Mrs. Holley got out of the car and left the motor run-

ning. The car started moving back into the street with the motor running and no one in it. It proceeded slowly at first and then moved faster. Mr. Ratliff who was standing nearby and desired to help ran to the moving automobile and was knocked down, causing the damages for which this suit is brought.

█ In his points one and two, appellant, Elton Lee Ratliff, contends that the court erred in including an instruction on "sudden emergency" in its charge to the jury because there was no evidence, and/or insufficient evidence to show that Mrs. Holley at the time in question was faced with a sudden emergency as that term is defined at law, and that the giving of such instructions were prejudicial to appellant and went to the heart of his case. These points are overruled.

Appellee, Jewell Holley, pleaded, among other things, the emergency doctrine. Our Supreme Court in the recent case of Del Bosque v. Heitmann Bering-Cortes Company, 474 S.W.2d 450 (Tex.Sup.1971), in discussing the doctrine of emergency states as follows:

"  .   .   .   that the fact finder, judge or jury as the case may be, may conclude that conduct which in other circumstances would be unreasonable or imprudent is not so in emergency situations."

See also Yarborough v. Berner, 467 S.W. 2d 188 (Tex.Sup.1971) and Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S. W.2d 386 (1951).

In the instant case the jury was instructed in this regard as follows:

"When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his or her part, and which to a reasonable person requires immediate action without time for deliberation, his or her conduct in such an emergency is not negligence or a failure to use ordinary care, if, after such emergency arises, he or she acts as a person of ordinary prudence would have acted under the same or similar circumstances."

In our opinion the proof in the instant case raised the issue of "sudden emergency". The situation which confronted Mrs. Holley was not brought about by her own actions. Her husband was in a drunken condition, and at the time in question was on the brink of physical combat at night in a dim corner of the down town area of Abilene. No one in the position of appellee could have known whether one of the participants was or was not armed. The fact that no weapons had yet appeared or been used did not mean that none were there. The record shows that appellee was excited when she left her car with the motor running and went to see about her husband. Appellant himself testified that she appeared to be alarmed because of the fight.

█ We also overrule appellant's third point in which it is contended that the court erred in submitting an instruction on unavoidable accident in its charge to the jury, because there was conclusive evidence that appellee was negligent and the giving of the instruction was therefore prejudicial to appellant and went to the heart of his case. There is ample evidence showing that the accident in question was not caused by the negligence of either the plaintiff or the defendant. The instruction on unavoidable accident in our opinion was therefore raised by the evidence and was properly given by the trial court.

The judgment is affirmed.