

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 28, 2003

The Honorable Dib Waldrip
Comal County Criminal District Attorney
150 North Seguin, Suite 307
New Braunfels, Texas 78130

Opinion No. GA-0051

Re: Whether Attorney General Opinion JC-0471 (2002) correctly construes section 152.013(c) of the Local Government Code (RQ-0615-JC)

Dear Mr. Waldrip:

You ask whether Attorney General Opinion JC-0471, which states that a commissioners court must notify an elected officer of the proposed salary and personal expenses budgeted for the officer "[a]fter the commissioners court has adopted the budget, 'but before filing it with the county clerk,'" is correct.[1] *See* Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2 (quoting Tex. Att'y Gen. Op. No. DM-0405 (1996) at 4).

You suggest that this statement in Opinion JC-0471 creates an impossible situation for the officers: "If notice to elected officials is given only after the budget is approved and adopted as contemplated . . . , it is impossible for an aggrieved elected official to request a hearing *before the approval of the county's annual budget.*" Request Letter, *supra* note 1, at 2. You accordingly ask us to clarify Attorney General Opinion JC-0471 to the extent it construes the phrase "[b]efore filing the annual budget" in section 152.013(c) to mean an "approved and adopted budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999); Request Letter, *supra* note 1, at 1.

Chapter 111, subchapter A of the Local Government Code governs budget preparation in a county with a population of 225,000 or less, such as Comal County. *See* TEX. LOC. GOV'T CODE ANN. § 111.001 (Vernon 1999) (providing that subchapter A applies to county with population of 225,000 or less if county has not adopted subchapter C); *see also* Bureau of the Census, U.S. Dep't of Commerce, 2000 Census of Population, General Population, Characteristics: Texas, Comal County (available at http://www.quickfacts.census.gov/qfd/states/48/48091.html) (Comal County population: 78,021). Under subchapter A, a county judge must "prepare a budget to cover all proposed expenditures of the county government for the succeeding fiscal year." *See* TEX. LOC. GOV'T CODE ANN. § 111.003 (Vernon 1999). The judge must file the completed budget with the county clerk, after which time the commissioners court may review the county judge's proposed

---

[1]Letter from Honorable Dib Waldrip, Comal County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Oct. 2, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

budget. *See id.* § 111.006(a). After a set period of time, the commissioners court as a whole must "hold a public hearing" on the proposed budget, and "[a]t the conclusion of the public hearing, the commissioners court" must act on the proposed budget. *Id.* §§ 111.007(a)-(b), 111.008(a). When the commissioners court has finally approved the budget, it files the budget with the county clerk. *See id.* § 111.009. The commissioners court "may levy taxes only in accordance with the budget" and, except in an emergency, "may spend county funds only in strict compliance with the budget." *Id.* § 111.010(a)-(b).

Another chapter of the Local Government Code, chapter 152, provides a procedure by which a commissioners court sets the amount of compensation, expenses, and allowances received by elected county and precinct officers. Subchapter B pertains to budgeting salaries, expenses, and other allowances for most elected officers. *See generally id.* ch. 152, subch. B (Vernon 1999). *But see id.* subch. C (Vernon 1999 & Supp. 2003) ("Amount of Compensation and Expenses of County Auditor and Assistants"); *id.* subch. E (Vernon 1999) ("Special Provisions Applying to Sheriff's Department"). Section 152.013 requires a commissioners court to set elected officers' salaries, expenses, and other allowances "at a regular meeting of the court during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a) (Vernon 1999). Section 152.013(c) requires the commissioners court to notify the elected officers of the proposed salaries and personal expenses: "Before filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." *Id.* § 152.013(c).

The written notice provided to the elected officers marks the beginning of the grievance process, through which an officer may request the county's salary grievance committee to reconsider that officer's proposed salary or personal expenses. In particular, section 152.016(a) permits an officer who objects to the proposed salary or expenses to ask the salary grievance committee to consider the grievance: "An elected county or precinct officer who is aggrieved by the setting of the officer's salary or personal expenses may request a hearing before the salary grievance committee before the approval of the county's annual budget." *Id.* § 152.016(a). The salary grievance committee then must hold a public hearing on the grievance within ten days "after the date the request is received." *Id.* § 152.016(b). If the committee votes to recommend an increase in the officer's salary or personal expenses, the committee submits a written recommendation to the commissioners court. *See id.* § 152.016(c). Depending upon the number of votes in favor of the recommendation, the commissioners court either must consider the recommendation at its next meeting or must "include the increase in the budget before the budget is filed and the increase takes effect in the next budget year." *Id.*

As background to the specific issue considered by Attorney General Opinion JC-0471 —whether notice by fax satisfies the "written notice" requirement of section 152.013(c)—the opinion discusses a commissioners court's statutory duty to notify elected officers of their proposed salaries generally. *See* Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2. According to the opinion, a court must notify the officers after it has adopted the budget:

After the commissioners court has adopted the budget, "but before filing it with the county clerk," *see* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4, section 152.013 requires the commissioners court to notify each officer of the proposed salary and personal expenses budgeted for the officer: "Before filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999).

Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2.

For three reasons, Attorney General Opinion JC-0471 is incorrect to the extent it construes section 152.013(c) to require a commissioners court to notify elected officers of the "salary and personal expenses to be included in the budget" only after the court has adopted the budget. TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999); *see* Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2.

First, as you point out, once a commissioners court has adopted the budget, an aggrieved officer may not request a hearing "before the approval of the county's annual budget," as section 152.016(a) requires. TEX. LOC. GOV'T CODE ANN. § 152.016(a) (Vernon 1999); *see* Request Letter, *supra* note 1, at 2. Further, section 152.016(c) requires the commissioners court to include any increase that results from the salary grievance process "in the budget before the budget is filed," so that the increase "takes effect in the next budget year." TEX. LOC. GOV'T CODE ANN. § 152.016(c) (Vernon 1999); *see also id.* § 111.010(b) (permitting county to spend county funds only in strict compliance with budget). The legislature intends the whole of chapter 152, subchapter A to be effective. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998). But the construction of section 152.013(c) adopted by Attorney General Opinion JC-0471 renders impossible the requirements of section 152.016(c) that the salary grievance committee determine the issue before the annual budget is finally approved. *See* TEX. LOC. GOV'T CODE ANN. § 152.016(a), (c) (Vernon 1999).

Second, once the commissioners court has adopted its budget, it may expend county funds only in strict compliance with the budget, except in an emergency. *See id.* § 111.010(b). Thus, unless the court were to determine in good faith that a recommended or required salary or expense increase, received after the budget was finally approved, presents an emergency, the increase could not take effect in the next year's budget, as section 152.016(c) requires. *See id.* § 152.016(c). Whether an emergency exists is generally a question of fact that cannot be determined by this office. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1. Specifically in the county budget context, this office has stated that an emergency expenditure can be made only "to meet unusual and unforeseen conditions which could not, by reasonable diligent thought and attention, have been included in the original budget." Tex. Att'y Gen. Op. No. O-5184 (1943) at 6; *see Goolsbee v. Tex. & New Orleans R.R. Co.*, 243 S.W.2d 386, 388 (Tex. 1951) (defining emergency generally as "a condition arising suddenly and unexpectedly . . . which calls for immediate action"); *accord Bankler v. Vale*, 75 S.W.3d 29, 37 (Tex. App.–San Antonio 2001, no pet.) (quoting *Goolsbee's* characterization of term "emergency").

Finally, Attorney General Opinion JC-0471's narrow construction of the phrase "[b]efore filing the annual budget with the county clerk" is not logical. TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 1999). JC-0471, relying on Attorney General Opinion DM-405, interpreted the phrase to mean after the budget has been approved but before the court has filed the adopted budget with the county clerk. Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2 (citing Tex. Att'y Gen. Op. No. DM-405 (1996) at 4). But, in fact, the phrase should be read to mean "at any time between the time the commissioners court receives the proposed budget from the county judge and the time it finally approves the budget." Under this broader and more logical construction, section 152.013(c) requires the commissioners court to notify elected officers of proposed salaries and expenses at a time, after the court has received the proposed budget, that will allow any aggrieved officer the opportunity to have a grievance adjudicated by the salary grievance committee before the court finally adopts the budget.

We conclude that the commissioners court must notify elected officers of proposed salaries and expenses after having received the proposed budget from the county judge, but sufficiently before the court's approval so that an aggrieved officer can receive a determination from the salary grievance committee.

Consequently, we modify Attorney General Opinion JC-0471 to the extent it suggests that a commissioners court may notify elected officers under section 152.013 only after having adopted the budget. *See* Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2. This modification does not affect the opinion's ultimate conclusion that section 152.013 "does not as a matter of law preclude a commissioners court from faxing its written notice to an elected officer." *Id.* at 4.

We similarly modify Attorney General Opinion DM-405, cited in Attorney General Opinion JC-0471, to the extent it construed section 152.013 to require the commissioners court to notify elected officers of their salaries and personal expenses "after the commissioners court has adopted the budget, but before filing it with the county clerk." Tex. Att'y Gen. Op. No. DM-405 (1996) at 4; *see* Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2. Section 152.016(a) did not, at the time Opinion DM-405 was issued, require an aggrieved officer to request a hearing "before the approval of the county's annual budget." TEX. LOC. GOV'T CODE ANN. § 152.016(a) (Vernon 1999) *prior to amendment by* Act of May 12, 1997, 75th Leg., R.S., ch. 326, § 3, 1997 Tex. Gen. Laws 1415, 1415. Section 152.016(c) did, however, require the commissioners to include an increase recommended by the salary grievance committee "in the budget before the budget was filed." *Id.* § 152.016(c). Thus, Attorney General Opinion DM-405's statement regarding the timing of the notice was incorrect.

## S U M M A R Y

      Under section 152.013(c) of the Local Government Code, a commissioners court must notify elected county and precinct officers of proposed salaries and expenses after the court has received a proposed budget from the county judge, but sufficiently before the court's approval of the budget to permit an aggrieved officer to request a hearing before the salary grievance committee and to permit the salary grievance committee to determine the grievance consistently with section 152.016. *See* TEX. LOC. GOV'T CODE ANN. §§ 152.013(c), 152.016 (Vernon 1999). To the extent Attorney General Opinion JC-0471 suggests that a commissioners court may notify officers under section 152.013 only after having adopted the budget, the opinion is modified. *See* Tex. Att'y Gen. Op. No. JC-0471 (2002) at 2. To the same extent, Attorney General Opinion DM-405 is modified. *See* Tex. Att'y Gen. Op. No. DM-405 (1996) at 4.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee